JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletreedeakins.com
ANNIE H. CHO, CA Bar No. 269633
annie.cho@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendants
C.H. ROBINSON COMPANY and
C.H. ROBINSON WORLDWIDE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV12-06654 CAS (MANx)

| | |
|---|---|
| LORRIE POUBLON, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C.H. ROBINSON COMPANY; C.H. ROBINSON WORLDWIDE, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DECLARATION OF ANNIE H. CHO IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**<br><br>Complaint Filed: June 13, 2012<br>Trial Date: None Set<br>Judge: To be assigned |

Case No. _____

## DECLARATION OF ANNIE H. CHO

I, Annie H. Cho, declare as follows:

1. I am an attorney licensed to practice before all of the Courts of the State of California, and the United States District Court, Central District of California, and am with the law firm of Ogletree Deakins Nash Smoak & Stewart, P.C., counsel of record for Defendants C.H. Robinson Company and C.H. Robinson Worldwide, Inc. ("Defendants"). I am one of the attorneys responsible for handling this matter, and I have personal knowledge of all of the facts set forth below, and if called upon to testify to same, I could and would do so competently and truthfully

2. I am proficient with Excel and have a good working knowledge of the formulas required to calculate the amount in controversy for each type of claim regularly encountered in wage and hour class actions brought pursuant to California law.

3. In July 2012, I received data from Defendants regarding each of Defendants' non-exempt employees in California from the time period of January 1, 2008 to June 30, 2012 with the job description of account manager, which contained the following information: (1) the employee's job description; (2) the employee's start date; (3) the employee's termination date, if any; and (4) the employee's wage histories, which is the sum of the employee's base salary, any bonuses and advances. Defendants also provided me with information regarding the frequency of the defendants' pay periods. From this data, I created a spreadsheet to determine the amount in controversy for the various claims alleged in the Complaint. I identified the number of putative class members as non-exempt employees employed by Defendants in the position listed above within the statutory limitations period of four years prior to the filing of the Complaint, or June 13, 2008, to the present (hereinafter, "relevant period"), based on the class definition contained in the Complaint. Using these criteria, I identified approximately 119 putative class members.

4. To estimate the amount in controversy for alleged unpaid overtime compensation, I created a formula which determined the average hourly rate of each putative class member during the relevant period. Then I multiplied each putative class member's hourly rate of pay by an estimate of the number of hours of overtime each putative class member potentially missed per week, and multiplied by one and a half (the overtime rate).

5. I determined each putative class member's average hourly rate by creating a formula which calculated the hourly rate using the employee's annual earnings during the relevant period, and dividing the number by the applicable number of weeks for the year, then dividing that number by forty (40).

6. According to the Complaint, putative class members were "regularly required" to work "more than eight (8) hours in a workday, forty (40) hours in a workweek, and or worked on the seventh (7th) consecutive day of any workweek" in violation of California Labor Code §§ 510 and 1198. (Complaint, ¶¶ 75, 76.) However, the Complaint does not specify the amount of additional hours allegedly not paid to employees per pay period. For purposes of determining the amount in controversy, I estimated that each putative class members potentially missed 5 hours of compensation at the overtime rate per week. I chose this number because the language of the Complaint states that Defendants "regularly required" the putative class members to work more than eight (8) hours in a workday. (Complaint, ¶¶ 75, 76.) The 5 hour estimation assumes that putative class members worked on average on hour of overtime per workday. Thus, during the relevant time period, under Plaintiff's second cause of action for failure to pay overtime compensation, I estimate that Plaintiff seeks an amount of alleged unpaid overtime compensation of approximately **$2,251,016.04**.

7. According to the Complaint, putative class members were "regularly required" to work on the seventh (7th) consecutive day of any workweek. (Complaint, ¶¶ 75, 76.) However, the Complaint does not specify the number of

seventh (7th) consecutive days worked. For purposes of determining the amount in controversy, I estimated that each putative class member potentially worked every other seventh (7th) consecutive day in a workweek for 8 hours per day. I chose this number because the language of the Complaint states that Defendants "regularly required" the putative class members to work on the seventh (7th) consecutive day of any workweek. (Complaint, ¶¶ 75, 76.) Thus, during the relevant time period, under Plaintiff's second cause of action for failure to pay overtime compensation, I estimate that Plaintiff seeks an additional amount of alleged unpaid overtime compensation of approximately **$1,800,812.83.**

8.  To calculate a reasonable amount in controversy for attorneys' fees, I calculated 25% of the amount in controversy for the second cause of action, for an estimate of **$1,012,957.22.** This is a reasonable estimation. See Dennis v. Kellogg Co., Nos. 11-55674, 11-55706, 2012 WL 2870128, at *8 (9th Cir. July 13, 2012). If this amount is added to the amount in controversy under Plaintiff's second cause of action, the total amount in controversy would be at least **$5,064,786.08.**

9.  To estimate the amount in controversy for alleged failure to provide accurate itemized statements in violation of Labor Code § 226, I determined that approximately 79 putative class members worked during the applicable one-year period. See Cal. Code of Civ. P. § 340(a). As Plaintiff was paid on the 15th and last day of the month, Defendants would have issued approximately 24 wages statements to putative class members during the one-year period. Plaintiff, however, in paragraph 84 of her Complaint, claims penalties at the statutorily provided maximum of $4,000.00. Thus, the total amount in controversy under the third cause of action is **$211,150.00.**

10. To calculate a reasonable amount in controversy for attorneys' fees, I calculated 25% of the amount in controversy for the second cause of action, for an estimate of **$52,787.50.** If this amount is added to the amount in controversy under Plaintiff's third cause of action, the total amount in controversy would be at least

1 | **$263,937.50**.

2 | 11. To determine the amount in controversy for alleged waiting time penalties pursuant to Labor Code § 203, I first determined the putative class members who are no longer employed by Defendants, which is approximately 17. For those putative class members only, I multiplied each putative class member's hourly rate of pay by eight (for a daily rate based on eight hours a days), and then multiplied that number by 30 (for a total of 30 days), to determine the potential statutory penalty. Using this calculation, during the relevant time period, under the fourth cause of action for waiting time penalties, I estimate that Plaintiffs seeks an amount of approximately **$142,290.26** in statutory penalties.

12. Given the above, the total amount in controversy is **$5,471,013.84**.

13. On July 24, 2012, Plaintiff mailed a Notice of Acknowledgement of Receipt Pursuant to California Code of Civil Procedure § 415.30 to our office. Attached as **Exhibit 1** is the Notice of Acknowledgement and Receipt received by our office from Plaintiff's Counsel and contained in our records.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on this 1st day of August, 2012 at Los Angeles, California.

_/s/ Annie H. Cho_

12850552.1 (OGLETREE)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Kyle Nordrehaug   (Bar # 205975) <br> Blumenthal, Nordrehaug & Bhowmik <br> 2255 Calle Clara <br> La Jolla, CA 92037 <br> TELEPHONE NO.: (858) 551-1223   FAX NO. (Optional): (858) 551-1232 <br> E-MAIL ADDRESS (Optional): kyle@bamlawca.com <br> ATTORNEY FOR (Name): Plaintiff Lorrie Poublon | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 South Commonwealth
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles  90005
BRANCH NAME: Central Civil West

PLAINTIFF/PETITIONER: LORRIE POUBLON, et al.

DEFENDANT/RESPONDENT: C.H. ROBINSON COMPANY, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> BC486482 |
|---|---|

TO (insert name of party being served): C.H Robinson Worldwide, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 24, 2012

Kyle Nordrehaug
(TYPE OR PRINT NAME)                            ▶ _____
                                                  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other (specify):

   Notice of Assignment, Civil Cover Sheet and Addendum, Peremptory Challange, ADR information

(To be completed by recipient):

Date this form is signed:

▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms

EXHIBIT ___1___, PAGE __5__