**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Firmsite: www.bamlawca.com

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRIE POUBLON, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>C.H. ROBINSON COMPANY; C.H. ROBINSON WORLDWIDE, INC.; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No. **CV 12-06654 CAS (MANx)**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq*.;<br><br>2. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 1198, *et seq*.;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203; and,<br><br>5. LABOR CODE PRIVATE ATTORNEY GENERAL ACT [LABOR CODE § 2698 et seq.].<br><br>**DEMAND FOR A JURY TRIAL** |

ᴠɪᴀ FAX

1      Plaintiff Lorrie Poublon ("PLAINTIFF"), on behalf of herself and all other

2   similarly situated current and former employees, alleges on information and belief,

3   except for her own acts and knowledge, the following:

4                  **THE PARTIES**

5      1.     Defendant C.H. Robinson Company is incorporated under the laws of

6   Minnesota and maintains its principal place of business in Eden Prairie, Minnesota.

7   C.H. Robinson Worldwide, Inc. is incorporated under the laws of Delaware.   C.H.

8   Robinson Company and C.H. Robinson Worldwide, Inc. are the joint employers of

9   PLAINTIFF and the other members of the CALIFORNIA CLASS and are therefore

10   referred to herein jointly as  "DEFENDANT" or "CHRW".  CHRW also operates in

11   California using the name C. H. Robinson Transportation Company, Inc. CHRW has

12   become a Fortune 500 company that provides multimodal transportation services and

13   logistics solutions in California and throughout the United States. Originally, Charles

14   Robinson incorporated CHRW in 1905 as a produce and general merchandise

15   brokerage firm. After several years, CHRW expanded with the focus of transporting

16   and distributing perishable products by horse and buggy before the products spoil.

17   CHRW entered the regulated trucking business by 1968 and by 1979, CHRW bought

18   its first IBM mainframe, which began an era of centrally supported technology,

19   electronics communications and information sharing. The passage of the Motor

20   Carrier Act of 1980 deregulated transportation, paving the way for CHRW to act as a

21   freight brokerage for any type of product. In 1986, CHRW became a completely

22   non-asset based logistics provider, eventually going public on October 16, 1997 and

23   becoming a Fortune 500 company traded in the NASDAQ exchange under the

24   symbol "CHRW."

25      2.     CHRW does not own the transportation equipment that it uses to

26   transport freight; instead, CHRW essentially acts as a matchmaker, setting up

27   established clients that need to move products and goods with one of the 47,000 or

28   more transportation companies CHRW regularly uses. To complete the day to day

tasks of selling transportation services to CHRW's clients, CHRW employs individuals with the titles of "Account Manager"  Although various subtitles within the Account Manager descriptor may create the superficial appearance of a number of unique jobs, in fact, the work performed by all Account Managers are substantially similar and they all perform the same primary job duty, such that individuals given these titles are properly grouped together for the purpose of determining that they were all misclassified.

3.      To successfully compete against the other logistics service providers, CHRW substantially reduced its labor costs by placing the labor burden on a smaller number of salaried employees that CHRW classified as exempt from overtime wages. The goal of overtime laws includes expanding employment throughout the workforce by putting financial pressure on the employer and nurturing a stout job market, as well as the important public policy goal of protecting employees in a relatively weak bargaining position against the unfair scheme of uncompensated overtime work.  An employer's obligation to pay its employees wages is more than a matter of private concern between the parties.  That obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage.  In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection.  The requirement to pay overtime wages extends beyond the benefits individual workers receive because overtime wages discourage employers from concentrating work in a few overburdened hands and encourage employers to instead hire additional employees. Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

4.      Plaintiff Lorrie Poublon resides in the County of Los Angeles and was employed by CHRW in California as an Account Manager from May of 2007 to February of 2012.  At all times during her employment with CHRW as an Account Manager PLAINTIFF was classified as a salaried employee exempt from overtime

1   pay and related benefits.

2       5.    As part of their business, CHRW employs a fleet Account Managers.

3   PLAINTIFF, as an Account Manager, was engaged in the core, day-to-day business

4   activities of CHRW.  The Account Managers engaged in the finite set of tasks of

5   selling transportation services to CHRW's customers, taking customer orders,

6   locating shipping companies, providing rate quotes, coordinating freight pick up and

7   delivery, monitoring shipments, collecting accounts receivable, and entering data into

8   CHRW's computer system in accordance with CHRW's company policies. The

9   PLAINTIFF and the other Account Managers did not exercise independent discretion

10  and judgment in performing these job duties or as to matters of significance.  These

11  employees only worked with the customer base and transportation base that CHRW

12  had already established.  The PLAINTIFF and the other Account Managers applied

13  rates with pre-established customers and transportation companies under strict

14  guidelines and did not have the authority to bind CHRW to contracts without

15  following those guidelines unless management approved of the transaction.  CHRW

16  had established specific procedures and protocols for standardized entry of

17  information and standardized scripts for gathering information.  These centralized

18  rules mirror the realities of the workplace evidencing a uniformity of work among the

19  Account Managers and negate any exercise of independent judgment and discretion.

20      6.    The position of an Account Manager was represented by CHRW to the

21  PLAINTIFF and the other Account Managers as a salaried position exempt from

22  overtime pay and other related benefits.

23      7.    To  perform their finite set of tasks, the Account Managers did not

24  engage in a supervisory role given the constraints placed upon them by company

25  policy.  Account Managers did not determine what work was to be done by other

26  employees or in what time frame.  Furthermore, Account Managers also did not have

27  a distinct role in training other employees or determining what training they were to

28  receive.  Lastly, PLAINTIFF and other Account Managers did not have the authority

---

1   to hire, fire, or promote employees, determine their pay rates or benefits, or give

2   raises as they were unable to make employment-related, personnel decisions.

3   Consequently, PLAINTIFF and the other Account Managers did not have the

4   authority to decide whether or not an employee should be disciplined for an

5   infraction.  Disciplinary decisions were made by the human resources department or

6   dictated by company policies.  Overall, the PLAINTIFF's and other Account

7   Managers' recommendations were given little, if any, weight on all the above issues.

8   As a result, the PLAINTIFF and the other Account Managers were engaged in a type

9   of work that required no exercise of independent judgment or discretion as to any

10  matter of significance.  Therefore, the PLAINTIFF and all other Account Managers

11  should therefore have been properly classified as non-exempt employees.

12       8.     Plaintiff Lorrie Poublon brings this Class Action on behalf of herself and

13  a California class, defined as all persons who are or previously were employed by

14  CHRW in California as an Account Manager and who were classified as exempt from

15  overtime wages and who have not executed a release in favor of CHRW (the

16  "CALIFORNIA CLASS") at any time during the period beginning on the date four

17  (4) years prior to the filing of this Complaint and ending on the date as determined by

18  the Court (the "CALIFORNIA CLASS PERIOD").

19       9.     The work schedule for the PLAINTIFF and other CALIFORNIA

20  CLASS Members was set by CHRW.  The PLAINTIFF and the members of the

21  CALIFORNIA CLASS typically worked hours in excess of eight (8) hours in a

22  workday, forty (40) hours in a workweek, and/or worked hours on the seventh (7th)

23  consecutive day of any workweek, performing a finite set of tasks as described above

24  which did not give rise to an exemption under California law, though the schedule

25  and amount of overtime worked varied based upon the needs of CHRW, the

26  instructions of CHRW's management, and the productivity requirements for the

27  Account Managers did not.  Although the PLAINTIFF and the members of the

28  CALIFORNIA CLASS worked overtime, as a matter of uniform company policy,

1   practice, and procedure, CHRW has unlawfully, unfairly and/or deceptively classified

2   every member of the CALIFORNIA CLASS as "exempt" based on job title alone.

3   The PLAINTIFF and the other Account Managers  were not provided with overtime

4   compensation and other benefits required by law as a result of being classified as

5   "exempt" by CHRW.

6        10.    As a matter of company policy, practice, and procedure, CHRW has

7   uniformly, unlawfully, unfairly and/or deceptively classified every Account Manager

8   as exempt from overtime pay and other related benefits, failed to pay the required

9   overtime compensation and otherwise failed to comply with all applicable labor laws

10   with respect to these Account Managers.

11        11.    The true names and capacities, whether individual, corporate, subsidiary,

12   partnership, associate or otherwise of Defendants DOES 1 through 50, inclusive, are

13   presently unknown to the PLAINTIFF who therefore sues these Defendants by such

14   fictitious names pursuant to Cal. Civ. Proc. Code § 474.  The PLAINTIFF will seek

15   leave to amend this Complaint to allege the true names and capacities of DOES 1

16   through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and

17   believes, and based upon that information and belief alleges, that the Defendants

18   named in this Complaint, including DOES 1 through 50, inclusive, are responsible in

19   some manner for one or more of the events and happenings that proximately caused

20   the injuries and damages hereinafter alleged.

21        12.    The agents, servants and/or employees of the Defendants and each of

22   them acting on behalf of the Defendants acted within the course and scope of his, her

23   or its authority as the agent, servant and/or employee of the Defendants, and

24   personally participated in the conduct alleged herein on behalf of the Defendants with

25   respect to the conduct alleged herein.  Consequently, the acts of each Defendants are

26   legally attributable to the other Defendants and all Defendants are jointly and

27   severally liable to the PLAINTIFF and the other members of the CALIFORNIA

28   CLASS, for the loss sustained as a proximate result of the conduct of the Defendants'

1  agents, servants and/or employees.

2

3  **THE CONDUCT**

4  13.    The finite set of tasks required of the Account Managers as defined by

5  DEFENDANT were executed by the Account Managers  through the performance of

6  non-exempt labor within a defined clerical skill set.

7  14.    Although the PLAINTIFF and the other Account Managers spent the

8  vast majority of their time performing these non-exempt tasks, DEFENDANT

9  instituted a blanket classification policy, practice and procedure by which all of these

10  Account Managers were classified as exempt from overtime compensation.  By

11  reason of this uniform exemption practice, policy and procedure applicable to the

12  PLAINTIFF and the other Account Managers who performed these non-exempt

13  tasks, DEFENDANT committed acts of unfair competition in violation of the

14  California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

15  "UCL"), by engaging in a uniform company-wide policy, practice and procedure

16  which failed to properly classify the PLAINTIFF and the other Account Managers

17  and thereby failed to pay them overtime wages for documented overtime hours

18  worked.  The proper classification of these employees is DEFENDANT's burden.  As

19  a result of DEFENDANT's intentional disregard of the obligation to meet this

20  burden, DEFENDANT failed to pay all required overtime compensation for work

21  performed by the members of the CALIFORNIA CLASS and violated the California

22  Labor Code and regulations promulgated thereunder as herein alleged.

23  15.    DEFENDANT, as a matter of law, has the burden of proving that (a)

24  employees are properly classified as exempt and that (b) DEFENDANT otherwise

25  complied with applicable laws.

26  16.    During their employment with DEFENDANT, the PLAINTIFF and the

27  other CALIFORNIA CLASS Members, performed non-managerial, non-exempt

28  tasks, but were nevertheless classified by DEFENDANT as exempt from overtime

---

1    pay and worked more than eight (8) hours in a workday, forty (40) hours in a

2    workweek, and/or worked on the seventh (7th) consecutive day of any workweek.

3         17.    PLAINTIFF and the other Account Managers employed by

4    DEFENDANT were not engaged in work of a type that was or now is directly related

5    to the management or general business operations of the DEFENDANT's customers,

6    when giving these words a fair but narrow construction.  PLAINTIFF and the other

7    Account Managers employed by DEFENDANT were also not engaged in work of a

8    type that was or now is performed at the level of the policy or management of

9    DEFENDANT.  PLAINTIFF and the other Account Managers employed by

10   DEFENDANT were also not engaged in work requiring knowledge of an advanced

11   type in a field or science or learning customarily acquired by a prolonged course of

12   specialized intellectual instruction and study, but rather their work involved the

13   performance of routine mental, clerical, and/or physical processes.  PLAINTIFF and

14   the other Account Managers employed by DEFENDANT were also not engaged in

15   work that was intellectual and varied in character, but rather was routine mental,

16   clerical, and/or physical work that was of such character that the output produced or

17   the result accomplished can be standardized in relation to a given period of time.

18        18.    In performing these tasks, PLAINTIFF and other CALIFORNIA CLASS

19   Members followed procedures established by DEFENDANT.  The PLAINTIFF and

20   other CALIFORNIA CLASS Members did not set policies or establish procedures for

21   DEFENDANT and were expected to use their experience, knowledge, skill and

22   training to operate within the policy guidelines that were provided to them by

23   DEFENDANT.  As a result, the PLAINTIFF and the other Account Managers

24   employed by DEFENDANT were engaged in non-exempt clerical tasks and should

25   have been properly classified by DEFENDANT as non-exempt employees entitled to

26   overtime wages and other related benefits.

27        19.    A crucial requirement to be properly classified as exempt under both the

28   California Executive and Administrative exemptions is the ability to exercise

---

1    independent discretion and judgment as to matters of significance.  PLAINTIFF and

2    the other Account Managers performed simple sales, monitoring, and data entry work

3    and were micro-managed in every aspect of performing their finite set of job tasks.

4    These employees performed a finite set of non-exempt clerical tasks as defined

5    above.  PLAINTIFF and other Account Managers provided logistic support services

6    for DEFENDANT in accordance with the directions given to them by DEFENDANT

7    and were thus not decision-makers in "matters of significance" to the DEFENDANT

8    or the DEFENDANT's clients.  Nor did these employees exercise discretion in the

9    sense of making important decisions of significance to the employer's business even

10   though they exercised some measure of discretion and judgment as to the manner in

11   which they performed their clerical tasks.   PLAINTIFF and other Account Managers

12   assigned pre-established rates with DEFENDANT's pre-established customer base,

13   which is a clerical skill, and assigned these rates that were mandated and authorized

14   by DEFENDANT. What rates the PLAINTIFF and other Account Managers were

15   required to assign and/or what customers these rates were to be assigned to, and why

16   these specific rates were needed, were all decisions made by the DEFENDANT and

17   not by the PLAINTIFF and other Account Managers.

18        20.     PLAINTIFF and all members of the CALIFORNIA CLASS were

19   uniformly classified and treated by DEFENDANT as exempt at the time of hire and

20   thereafter, DEFENDANT failed to take the proper steps to determine whether the

21   PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly

22   classified under the applicable Industrial Welfare Commission Wage Order (Wage

23   Order 4-2001) and Cal. Lab. Code §§ 510, *et seq*. as exempt from applicable

24   California labor laws.  Since DEFENDANT affirmatively and wilfully misclassified

25   the PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with

26   California labor laws, DEFENDANT's practices violated and continue to violate

27   California law.  In addition, DEFENDANT acted deceptively by falsely and

28   fraudulently telling the PLAINTIFF and each member of the CALIFORNIA CLASS

1   that they were exempt from overtime pay when DEFENDANT knew or should have

2   known that this statement was false and not based on known facts. DEFENDANT

3   also acted unfairly by violating the California labor laws, and as a result of this policy

4   and practice, DEFENDANT also violated the UCL. In doing so, DEFENDANT

5   cheated the competition by paying the CALIFORNIA CLASS less than the amount

6   competitors paid who complied with the law and cheated the CALIFORNIA CLASS

7   by not paying them in accordance with California law.

8       21.    DEFENDANT also failed to provide and still fail to provide the

9   PLAINTIFF and the other CALIFORNIA CLASS Members with a wage statement in

10  writing that accurately sets forth gross wages earned, all applicable hourly rates in

11  effect during the pay period and the corresponding number of hours worked at each

12  hourly rate by the PLAINTIFF and the other CALIFORNIA CLASS Members. This

13  conduct violated California Labor Code § 226. The pay stub also did not accurately

14  display anywhere the PLAINTIFF's and the other CALIFORNIA CLASS Members'

15  overtime hours and applicable rates of overtime pay for the pay period.

16      22.    By reason of this uniform conduct applicable to the PLAINTIFF and all

17  the CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair

18  competition in violation of the California Unfair Competition law, Cal. Bus. & Prof.

19  Code §§ 17200, *et seq*. (the "UCL"), by engaging in a company-wide policy and

20  procedure which failed to correctly classify the PLAINTIFF and the CALIFORNIA

21  CLASS of Account Managers as non-exempt. The proper classification of these

22  employees is DEFENDANT's burden. As a result of DEFENDANT's intentional

23  disregard of the obligation to meet this burden, DEFENDANT failed to properly

24  calculate and/or pay all required overtime compensation for work performed by the

25  members of the CALIFORNIA CLASS and violated the applicable Wage Order, the

26  California Labor Code and the regulations promulgated thereunder as herein alleged.

27      23.    Specifically as to Plaintiff Lorrie Poublon, she worked as an Account

28  Manager for DEFENDANT and was classified as an exempt employee from May of

1    2007 to February of 2012. PLAINTIFF performed the finite set of non-managerial,

2    non-exempt tasks of selling transportation services to CHRW's customers, taking

3    customer orders, locating shipping companies, providing rate quotes, coordinating

4    freight pick up and delivery, monitoring shipments, collecting accounts receivable,

5    and entering data into CHRW's computer system in accordance with CHRW's

6    company policies. During the CALIFORNIA CLASS PERIOD, PLAINTIFF was

7    regularly required to work in excess of eight (8) hours in a workday and/or in excess

8    of forty (40) hours in a workweek, but as a result of DEFENDANT's

9    misclassification of PLAINTIFF as exempt from the applicable California Labor

10   Code provisions, PLAINTIFF was not compensated by DEFENDANT for his

11   overtime hours worked at the applicable overtime rate. In addition, PLAINTIFF was

12   not provided with accurate and itemized wage statements showing the gross wages

13   earned, the net wages earned, all applicable hourly rates in effect during the pay

14   period, including overtime hourly rates, and the corresponding number of hours

15   worked at each hourly rate, by DEFENDANT during the CALIFORNIA CLASS

16   PERIOD in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not

17   fully paid PLAINTIFF the overtime compensation still owed to her or any penalty

18   wages owed to her under Cal. Lab. Code § 203.

19

20                            **THE CALIFORNIA CLASS**

21          24.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

22   Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*.

23   (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on

24   behalf of herself and a California class, defined as all persons who are or previously

25   were employed by CHRW in California as Account Manager and who were classified

26   as exempt from overtime wages and who have not executed a release in favor of

27   CHRW (the "CALIFORNIA CLASS") at any time during the period beginning on the

28   date four (4) years prior to the filing of this Complaint and ending on the date as

1   determined by the Court (the "CALIFORNIA CLASS PERIOD").

2       25.    To the extent equitable tolling operates to toll claims by the

3   CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD

4   should be adjusted accordingly.

5       26.    DEFENDANT, as a matter of corporate policy, practice and procedure,

6   and in violation of the applicable Labor Code, Industrial Welfare Commission

7   ("IWC") Wage Order Requirements, and the applicable provisions of California law,

8   intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT

9   unfairly, unlawfully, and deceptively instituted a practice to ensure that the

10  employees employed in an Account Manager position were not properly classified as

11  non-exempt from the requirements of California Labor Code §§ 510, *et seq*.

12      27.    DEFENDANT has the burden of proof to make sure that each and every

13  employee is properly classified as exempt from the requirements of the Cal. Lab.

14  Code §§ 510, *et seq*.  DEFENDANT, however, as a matter of uniform and systematic

15  policy and procedure had in place during the CALIFORNIA CLASS PERIOD and

16  still have in place a policy and practice that misclassifies the CALIFORNIA CLASS

17  Members as exempt.  DEFENDANT's uniform policy and practice in place at all

18  times during the CALIFORNIA CLASS PERIOD and currently in place is to

19  systematically classify each and every CALIFORNIA CLASS Member as exempt

20  from the requirements of the California Labor Code §§ 510, *et seq*.  This common

21  business practice applicable to each and every CALIFORNIA CLASS Member can

22  be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

23  Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages,

24  and reliance are not elements of this claim.

25      28.    At no time before, during or after the PLAINTIFF's employment with

26  DEFENDANT was any Account Manager reclassified as non-exempt from the

27  applicable requirements of California Labor Code §§ 510, *et seq*. after each

28  CALIFORNIA CLASS Member was initially, uniformly, and systematically

1 classified as exempt upon being hired.

2    29.    Any individual declarations of any employees offered at this time

3 purporting to indicate that one or more Account Managers may have been properly

4 classified is of no force or affect absent contemporaneous evidence that

5 DEFENDANT's uniform system did not misclassify the PLAINTIFF and the other

6 CALIFORNIA CLASS Members as exempt pursuant to Cal. Lab. Code §§ 510, *et*

7 *seq.* absent proof of such a contemporaneous system, DEFENDANT's business

8 practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so

9 adjudicated on a class-wide basis.  As a result of the UCL violations, the PLAINTIFF

10 and the CALIFORNIA CLASS Members are entitled to compel DEFENDANT to

11 provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order

12 to restitute these funds to the PLAINTIFF and the CALIFORNIA CLASS Members

13 according to proof.

14    30.    The CALIFORNIA CLASS is so numerous that joinder of all

15 CALIFORNIA CLASS Members is impracticable.

16    31.    DEFENDANT uniformly violated the rights of the CALIFORNIA

17 CLASS under California law by:

18         (a)    Violating the California Unfair Competition laws, Cal. Bus. &

19                Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly

20                and/or deceptively having in place company policies, practices

21                and procedures that uniformly misclassified the PLAINTIFF and

22                the members of the CALIFORNIA CLASS as exempt;

23         (b)    Committing an act of unfair competition in violation of the UCL,

24                by unlawfully, unfairly, and/or deceptively failing to have in place

25                a company policy, practice and procedure that accurately

26                determined the amount of working time spent by the PLAINTIFF

27                and the members of the CALIFORNIA CLASS performing non-

28                exempt labor;

(c)     Committing an act of unfair competition in violation of the UCL,
by  having in place a company policy, practice and procedure that
failed to reclassify as non-exempt those members of the
CALIFORNIA CLASS whose actual tasks were comprised of
non-exempt job functions;

(d)     Committing an act of unfair competition in violation of the UCL,
by violating Cal. Lab. Code §§ 510, *et seq*., by failing to pay the
correct overtime pay to the PLAINTIFF and the members of the
CALIFORNIA CLASS who were improperly classified as
exempt, and retaining the unpaid overtime to the benefit of
DEFENDANT;

(e)     Committing an act of unfair competition in violation of the UCL,
by violating Cal. Lab. Code § 226, by failing to provide the
PLAINTIFF and the members of the CALIFORNIA CLASS with
an accurate itemized statement in writing showing the gross wages
earned, the net wages earned, all applicable hourly rates in effect
during the pay period and the corresponding number of hours
worked at each hourly rate by the employee; and,

(f)     Committing an act of unfair competition in violation of the UCL
by violating Cal. Lab. Code § 203 by failing to provide restitution
of wages owed to PLAINTIFF and members of the CALIFORNIA
CLASS who were improperly classified as exempt and who have
terminated their employment.

32.     This Class Action meets the statutory prerequisites for the maintenance
of a Class  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so
numerous that the joinder of all CALIFORNIA CLASS Members
is impracticable and the disposition of their claims as a class will

1                             benefit the parties and the Court;

2       (b)      Nearly all factual, legal, statutory, and declaratory relief issues

3                         that are raised in this Complaint are common to the

4                         CALIFORNIA CLASS will apply uniformly to every member of

5                         the CALIFORNIA CLASS;

6       (c)      The claims of the representative PLAINTIFF are typical of the

7                         claims of each member of the CALIFORNIA CLASS.

8                         PLAINTIFF, like all the other members of the CALIFORNIA

9                         CLASS, was initially classified as exempt upon hiring based on

10                         the defined corporate policies and practices and labored under

11                         DEFENDANT's systematic procedure that failed to properly

12                         classify as non-exempt the PLAINTIFF and the members of the

13                         CALIFORNIA CLASS.  PLAINTIFF sustained economic injury

14                         as a result of DEFENDANT's employment practices.

15                         PLAINTIFF and the members of the CALIFORNIA CLASS were

16                         and are similarly or identically harmed by the same unlawful,

17                         deceptive, unfair and pervasive pattern of misconduct engaged in

18                         by DEFENDANT by deceptively advising all Account Managers

19                         that they were exempt from overtime wages based on the defined

20                         corporate policies and practices, and unfairly failing to pay

21                         overtime to these employees who were improperly classified as

22                         exempt; and,

23       (d)      The representative PLAINTIFF will fairly and adequately

24                         represent and protect the interest of the CALIFORNIA CLASS,

25                         and has retained counsel who are competent and experienced in

26                         Class Action litigation.  There are no material conflicts between

27                         the claims of the representative PLAINTIFF and the members of

28                         the CALIFORNIA CLASS that would make class certification

1    inappropriate.  Counsel for the CALIFORNIA CLASS will

2    vigorously assert the claims of all employees in the

3    CALIFORNIA CLASS.

4    33.    In addition to meeting the statutory prerequisites to a Class Action, this

5    Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc.

6    23(b)(2) and/or (3), in that:

7    (a)    Without class certification and determination of declaratory,

8    statutory and other legal questions within the class format,

9    prosecution of separate actions by individual members of the

10    CALIFORNIA CLASS will create the risk of:

11    1)    Inconsistent or varying adjudications with respect to

12    individual members of the CALIFORNIA CLASS which

13    would establish incompatible standards of conduct for the

14    parties opposing the CALIFORNIA CLASS; and/or,

15    2)    Adjudication with respect to individual members of the

16    CALIFORNIA CLASS which would as a practical matter

17    be dispositive of interests of the other members not party to

18    the adjudication or substantially impair or impede their

19    ability to protect their interests.

20    (b)    The parties opposing the CALIFORNIA CLASS have acted or

21    refused to act on grounds generally applicable to the

22    CALIFORNIA CLASS, making appropriate class-wide relief with

23    respect to the CALIFORNIA CLASS as a whole in that

24    DEFENDANT uniformly classified and treated the Account

25    Managers as exempt and, thereafter, uniformly failed to take

26    proper steps to determine whether the Account Managers were

27    properly classified as exempt, and thereby denied these employees

28    overtime wages as required by law;

1          1)     With respect to the First Cause of Action, the final relief on

2                 behalf of the CALIFORNIA CLASS sought does not relate

3                 exclusively to restitution because through this claim the

4                 PLAINTIFF seeks declaratory relief holding that

5                 DEFENDANT's policies and practices constitute unfair

6                 competition, along with incidental equitable relief as may

7                 be necessary to remedy the conduct declared to constitute

8                 unfair competition;

9     (c)   Common questions of law and fact exist as to the members of the

10          CALIFORNIA CLASS, with respect to the practices and

11          violations of California law as listed above, and predominate over

12          any question affecting only individual CALIFORNIA CLASS

13          Members, and a Class Action is superior to other available

14          methods for the fair and efficient adjudication of the controversy,

15          including consideration of:

16          1)     The interests of the members of the CALIFORNIA CLASS

17                 in individually controlling the prosecution or defense of

18                 separate actions in that the substantial expense of individual

19                 actions will be avoided to recover the relatively small

20                 amount of economic losses sustained by the individual

21                 CALIFORNIA CLASS Members when compared to the

22                 substantial expense and burden of individual prosecution of

23                 this litigation;

24          2)     Class certification will obviate the need for unduly

25                 duplicative litigation that would create the risk of:

26                 A.    Inconsistent or varying adjudications with respect to

27                      individual members of the CALIFORNIA CLASS,

28                      which would establish incompatible standards of

1                        conduct for DEFENDANT; and/or,

2               B.    Adjudications with respect to individual members of

3                    the CALIFORNIA CLASS would as a practical

4                    matter be dispositive of the interests of the other

5                    members not parties to the adjudication or

6                    substantially impair or impede their ability to protect

7                    their interests;

8           3)    In the context of wage litigation because as a practical

9                    matter a substantial number of individual CALIFORNIA

10                 CLASS Members will avoid asserting their legal rights out

11                 of fear of retaliation by DEFENDANT, which may

12                 adversely affect an individual's job with DEFENDANT or

13                 with a subsequent employer, the Class Action is the only

14                 means to assert their claims through a representative; and,

15           4)    A Class Action is superior to other available methods for

16                 the fair and efficient adjudication of this litigation because

17                 class treatment will obviate the need for unduly and

18                 unnecessary duplicative litigation that is likely to result in

19                 the absence of certification of this Action pursuant to Fed.

20                 R. Civ. Proc. 23(b)(2) and/or (3).

21     34.    This Court should permit this Action to be maintained as a Class Action

22   pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

23          (a)    The questions of law and fact common to the CALIFORNIA

24                CLASS predominate over any question affecting only individual

25                CALIFORNIA CLASS Members because DEFENDANT's

26                employment practices were uniform and systematically applied

27                with respect to the CALIFORNIA CLASS;

28          (b)    A Class Action is superior to any other available method for the

fair and efficient adjudication of the claims of the members of the
CALIFORNIA CLASS because in the context of employment
litigation a substantial number of individual CALIFORNIA
CLASS Members will avoid asserting their rights individually out
of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA CLASS are so numerous that
it is impractical to bring all members of the CALIFORNIA
CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will
not be able to obtain effective and economic legal redress unless
the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal
and equitable relief for the acts of unfair competition, statutory
violations and other improprieties, and in obtaining adequate
compensation for the injuries which DEFENDANT's actions have
inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined
assets of DEFENDANT are sufficient to adequately compensate
the members of the CALIFORNIA CLASS for the injuries
sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally
applicable to the CALIFORNIA CLASS, thereby making final
class-wide relief appropriate with respect to the CALIFORNIA
CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily
ascertainable from the business records of DEFENDANT.  The
CALIFORNIA CLASS consists of all DEFENDANT's Account
Managers who were classified as exempt from overtime wages

1   and who were employed in California at any time during the

2   CALIFORNIA CLASS PERIOD; and,

3   (i)   Class treatment provides manageable judicial treatment calculated

4   to bring an efficient and rapid conclusion to all litigation of all

5   wage and hour related claims arising out of the conduct of

6   DEFENDANT as to the members of the CALIFORNIA CLASS.

7   35.   DEFENDANT maintain records from which the Court can ascertain and

8   identify by name and job title, each of DEFENDANT's employees who have been

9   systematically, intentionally and uniformly subjected to DEFENDANT's corporate

10   policies, practices and procedures as herein alleged.  PLAINTIFF will seek leave to

11   amend the Complaint to include any additional job titles of similarly situated

12   employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

36.   PLAINTIFF further brings the Second, Third, and Fourth Causes of

Action on behalf of a California sub-class, defined as all members of the

CALIFORNIA CLASS who are or previously were employed by DEFENDANT in

California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period

beginning on the date three (3) years prior to the filing of the action and ending on the

date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS

PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3)

37.   DEFENDANT, as a matter of corporate policy, practice and procedure,

and in violation of the applicable California Labor Code ("Labor Code"), and

Industrial Welfare Commission ("IWC") Wage Order Requirements intentionally,

knowingly, wilfully, and systematically misclassified the PLAINTIFF and the other

members of the CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-

CLASS as exempt from overtime wages and other labor laws based on

DEFENDANT's comprehensive policies and procedures in order to avoid the

payment of overtime wages by misclassifying their positions as exempt from

1    overtime wages and other labor laws.  To the extent equitable tolling operates to toll

2    claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

3    CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

4         38.    DEFENDANT maintain records from which the Court can ascertain and

5    identify by job title each of DEFENDANT's employees who as CALIFORNIA

6    LABOR SUB-CLASS Members have been systematically, intentionally and

7    uniformly misclassified as exempt as a matter of DEFENDANT's corporate policies,

8    practices and procedures.  PLAINTIFF will seek leave to amend the Complaint to

9    include these additional job titles when they have been identified.

10        39.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of

11   all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

12        40.    Common questions of law and fact exist as to members of the

13   CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

14             (a)    Whether DEFENDANT unlawfully failed to pay overtime

15                    compensation to members of the CALIFORNIA LABOR SUB-

16                    CLASS in violation of the California Labor Code and California

17                    regulations and the applicable California Wage Order;

18             (b)    Whether the members of the CALIFORNIA LABOR SUB-

19                    CLASS are non-exempt employees entitled to overtime

20                    compensation for overtime hours worked under the overtime pay

21                    requirements of California law;

22             (c)    Whether DEFENDANT's policy and practice of classifying the

23                    CALIFORNIA LABOR SUB-CLASS Members as exempt from

24                    overtime compensation and failing to pay the CALIFORNIA

25                    LABOR SUB-CLASS Members overtime violate applicable

26                    provisions of California law;

27             (d)    Whether DEFENDANT unlawfully failed to keep and furnish

28                    CALIFORNIA LABOR SUB-CLASS Members with accurate

1          records of overtime hours worked;

2      (e)      Whether DEFENDANT's policy and practice of failing to pay

3          members of the CALIFORNIA LABOR SUB-CLASS all wages

4          when due within the time required by law after their employment

5          ended violates California law;

6      (f)      The proper measure of damages and penalties owed to the

7          members of the CALIFORNIA LABOR SUB-CLASS; and,

8      (g)      Whether DEFENDANT's conduct was wilful.

9      41.      DEFENDANT, as a matter of corporate policy, practice and procedure,

10 erroneously classified all Account Managers as exempt from overtime wages and

11 other labor laws.  All Account Managers, including the PLAINTIFF, performed the

12 same finite set of tasks and were paid by DEFENDANT according to uniform and

13 systematic company procedures, which, as alleged herein above, failed to correctly

14 pay overtime compensation.  This business practice was uniformly applied to each

15 and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the

16 propriety of this conduct can be adjudicated on a class-wide basis.

17      42.      DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

18 CLASS under California law by:

19      (a)      Violating Cal. Lab. Code §§ 510, *et seq*., by misclassifying and

20          thereby failing to pay the PLAINTIFF and the members of the

21          CALIFORNIA LABOR SUB-CLASS the correct overtime pay for

22          a workday longer than eight (8) hours, a workweek longer than

23          forty (40) hours, and/or for any hours worked on the seventh (7th)

24          consecutive day of any workweek for which DEFENDANT is

25          liable pursuant to Cal. Lab. Code § 1194;

26      (b)      Violating Cal. Lab. Code § 226, by failing to provide the

27          PLAINTIFF and the members of the CALIFORNIA LABOR

28          SUB-CLASS who were improperly classified as exempt with an

accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and,

(c)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

43.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, and declaratory relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS.   PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was improperly classified as exempt and denied overtime pay as a result of DEFENDANT's systematic classification practices.  PLAINTIFF and all the other members of the CALIFORNIA LABOR SUB-CLASS sustained

1    economic injuries arising from DEFENDANT's violations of the

2    laws of California; and,

3    (d)    The representative PLAINTIFF will fairly and adequately

4    represent and protect the interest of the CALIFORNIA LABOR

5    SUB-CLASS, and has retained counsel who are competent and

6    experienced in Class Action litigation.  There are no material

7    conflicts between the claims of the representative PLAINTIFF and

8    the members of the CALIFORNIA LABOR SUB-CLASS that

9    would make class certification inappropriate.  Counsel for the

10    CALIFORNIA LABOR SUB-CLASS will vigorously assert the

11    claims of all CALIFORNIA LABOR SUB-CLASS Members.

12    44.    In addition to meeting the statutory prerequisites to a Class Action, this

13    Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc.

14    23(b)(2) and/or (3), in that:

15    (a)    Without class certification and determination of declaratory,

16    statutory and other legal questions within the class format,

17    prosecution of separate actions by individual members of the

18    CALIFORNIA LABOR SUB-CLASS will create the risk of:

19    1)    Inconsistent or varying adjudications with respect to

20    individual members of the CALIFORNIA LABOR SUB-

21    CLASS which would establish incompatible standards of

22    conduct for the parties opposing the CALIFORNIA

23    LABOR SUB-CLASS; or,

24    2)    Adjudication with respect to individual members of the

25    CALIFORNIA LABOR SUB-CLASS which would as a

26    practical matter be dispositive of interests of the other

27    members not party to the adjudication or substantially

28    impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS
      have acted or refused to act on grounds generally applicable to the
      CALIFORNIA LABOR SUB-CLASS, making appropriate class-
      wide relief with respect to the CALIFORNIA LABOR SUB-
      CLASS as a whole in that DEFENDANT uniformly classified and
      treated the Account Managers  as exempt and, thereafter,
      uniformly failed to take proper steps to determine whether the
      Account Managers were properly classified as exempt, and
      thereby denied these employees overtime wages as required by
      law;

(c)   Common questions of law and fact predominate as to the members
      of the CALIFORNIA LABOR SUB-CLASS, with respect to the
      practices and violations of California law as listed above, and
      predominate over any question affecting only individual
      CALIFORNIA LABOR SUB-CLASS Members, and a Class
      Action is superior to other available methods for the fair and
      efficient adjudication of the controversy, including consideration
      of:

      1)    The interests of the members of the CALIFORNIA LABOR
            SUB-CLASS in individually controlling the prosecution or
            defense of separate actions in that the substantial expense of
            individual actions will be avoided to recover the relatively
            small amount of economic losses sustained by the
            individual CALIFORNIA LABOR SUB-CLASS Members
            when compared to the substantial expense and burden of
            individual prosecution of this litigation;

      2)    Class certification will obviate the need for unduly
            duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

45.   This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are

1 readily ascertainable from the business records of DEFENDANT.
2 The CALIFORNIA LABOR SUB-CLASS consists of all
3 CALIFORNIA CLASS Members who are or previously were
4 employed by DEFENDANT in California as Account Managers
5 and who were classified as exempt form overtime wages at any
6 time during the CALIFORNIA LABOR SUB-CLASS PERIOD;
7 and,

8 (i) Class treatment provides manageable judicial treatment calculated
9 to bring a efficient and rapid conclusion to all litigation of all
10 wage and hour related claims arising out of the conduct of
11 DEFENDANT.

## JURISDICTION AND VENUE

46. This action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). Defendant removed this action to Federal Court from the Superior Court of California, County of Los Angeles on the basis that DEFENDANT contends there is jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

47. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district. Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of Los Angeles, but was later removed by DEFENDANT to this Court.

48. In order to be hired and keep her job, PLAINTIFF on a take it or leave it basis had signed a "Bonus Incentive Agreement" with CHRW that states that all

1   claims she has against CHRW are "deemed waived unless submitted to mediation,

2   then, if mediation is unsuccessful, to final and binding arbitration."  The agreement to

3   arbitrate in the Bonus Incentive Agreement is substantively unconscionable and,

4   therefore, unenforceable, because the agreement allows CHRW to carve out claims

5   CHRW would have against PLAINTIFF and reserve these claims for judicial

6   resolution.

7       49.    PLAINTIFF demanded mediation pursuant to the terms of the Bonus

8   Incentive Agreement on  March 16, 2012.  Thereafter, on April 30, 2012, CHRW

9   threatened to file a lawsuit against PLAINTIFF in Hennepin County District Court in

10  Minnesota.  According to CHRW, the threatened lawsuit was to be adjudicated under

11  the laws of the State of Minnesota, not California.  Although the parties did

12  participate in a private mediation on May 18, 2012, the parties were not able to reach

13  a resolution as to Plaintiff's claims.

14      50.    CHRW's conduct provides demonstrable evidence that the arbitration

15  provision in the Bonus Incentive Agreement that does not apply  to "any claims by

16  the Company that includes a request for injunctive or equitable relief" is substantively

17  unconscionable under California law.  CHRW not only threatened legal action against

18  PLAINTIFF in a judicial forum outside of California, but also requires that the

19  lawsuit be subject to the laws of Minnesota as opposed to the laws of California.

20  Such conduct further demonstrates the substantive unconscionable nature of the

21  arbitration provision given that California should be applied to such disputes, even if

22  the underlying contract states that the law of another state is to apply.  CHRW's

23  conduct, therefore, provides evidence of sufficient facts demonstrating that

24  PLAINTIFF should be permitted to adjudicate her claims against CHRW in Court as

25  opposed to arbitration.  As a result, venue before this Court is proper.

26  ///

27  ///

28  ///

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

51.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

53.    California Business & Professions Code §§ 17200, *et seq*. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

54.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations, and the California Labor Code Sections 510, 1194 & 1198, and for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

55.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, are immoral, unethical,

1  oppressive, unscrupulous or substantially injurious to employees, and are without

2  valid justification or utility for which this Court should issue equitable and injunctive

3  relief pursuant to Section 17203 of the California Business & Professions Code,

4  including restitution of wages wrongfully withheld.

5       56.    By the conduct alleged herein, DEFENDANT's practices were deceptive

6  and fraudulent in that DEFENDANT's uniform policy and practice was to represent

7  to PLAINTIFF and other CALIFORNIA CLASS Members that they were exempt

8  from overtime pay when in fact these representations were false and likely to deceive,

9  for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus.

10 & Prof. Code § 17203, including restitution of wages wrongfully withheld.

11      57.    By the conduct alleged herein, DEFENDANT's practices were also

12 unlawful, unfair and deceptive in that DEFENDANT's employment practices caused

13 the PLAINTIFF and the other members of the CALIFORNIA CLASS to be

14 underpaid during their employment with DEFENDANT.

15      58.    By and through the unlawful and unfair business practices described

16 herein, DEFENDANT has obtained valuable property, money and services from the

17 PLAINTIFF and the other members of the CALIFORNIA CLASS and have deprived

18 them of valuable rights and benefits guaranteed by law and contract, all to the

19 detriment of these employees and to the benefit of DEFENDANT so as to allow

20 DEFENDANT to unfairly compete against competitors who comply with the law.

21      59.    All the acts described herein as violations of, among other things, the

22 California Labor Code, California Code of Regulations, the Industrial Welfare

23 Commission Wage Orders, are unlawful, are in violation of public policy, are

24 immoral, unethical, oppressive, and unscrupulous, and are likely to deceive

25 employees, as herein alleged, and thereby constitute deceptive, unfair and unlawful

26 business practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*.

27      60.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

28 entitled to, and do, seek such relief as may be necessary to restore to them the money

1   and property which DEFENDANT has acquired, or of which the PLAINTIFF and the

2   other members of the CALIFORNIA CLASS have been deprived, by means of the

3   above described unlawful and unfair business practices, including earned but unpaid

4   overtime wages for all overtime hours worked.

5       61.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

6   further entitled to, and do, seek a declaration that the described business practices are

7   unlawful, unfair and deceptive, and that injunctive relief should be issued restraining

8   DEFENDANT from engaging in any unlawful and unfair business practices in the

9   future.

10      62.    PLAINTIFF and the other members of the CALIFORNIA CLASS have

11  no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair

12  business practices of DEFENDANT.  Further, the practices herein alleged presently

13  continue to occur unabated.  As a result of the unlawful and unfair business practices

14  described herein, the PLAINTIFF and the other members of the CALIFORNIA

15  CLASS have suffered and will continue to suffer irreparable legal and economic harm

16  unless DEFENDANT is restrained from continuing to engage in these unlawful and

17  unfair business practices.

18

19              **SECOND CAUSE OF ACTION**

20          **For Failure To Pay Overtime Compensation**

21            **[Cal. Lab. Code §§ 510, 1194 and 1198]**

22  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

23                      **Defendants)**

24      63.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

25  SUB-CLASS, reallege and incorporate by this reference, as though fully set forth

26  herein, paragraphs 1 through 62 of this Complaint.

27      64.    Cal. Lab. Code § 510 states in relevant part:

28          Eight hours of labor constitutes a day's work. Any work in excess of
            eight hours in one workday and any work in excess of 40 hours in

any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

65. Cal. Lab. Code § 551 states that, "Every person employed in any occupation  of labor is entitled to one day's rest therefrom in seven."

66. Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

67. Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

68. Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

69. Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

70. DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees, by their job title alone and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production and non-managerial side of DEFENDANT's business.

1   This was done in an illegal attempt to avoid payment of overtime wages
2   and other benefits in violation of the Cal. Lab. Code and Industrial
3   Welfare Commission requirements.

4   71.   For an employee to be exempt as a bona fide "executive," all the
5   following criteria must be met and DEFENDANT has the burden of proving that:

6   (a)   The employee's primary duty must be management of the enterprise, or
7         of a customarily recognized department or subdivision; and,

8   (b)   The employee must customarily and regularly direct the work of at least
9         two (2) or more other employees; and,

10  (c)   The employee must have the authority to hire and fire, or to command
11        particularly serious attention to his or her recommendations on such
12        actions affecting other employees; and,

13  (d)   The employee must customarily and regularly exercise discretion and
14        independent judgment; and,

15  (e)   The employee must be primarily engaged in duties which meet the test
16        of exemption.

17  No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive
18  because they all fail to meet the requirements of being an "executive" within the
19  meaning of the applicable Wage Order.

20  72.   For an employee to be exempt as a bona fide "administrator," all of the
21  following criteria must be met and DEFENDANT has the burden of proving that:

22  (a)   The employee must perform office or non-manual work directly related
23        to management policies or general business operation of the employer;
24        and,

25  (b)   The employee must customarily and regularly exercise discretion and
26        independent judgment; and,

27  (c)   The employee must regularly and directly assist a proprietor or an
28        exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge; or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

73.     The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category.  For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)     Work requiring knowledge of an advanced type in a field or science or

learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends

primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)   Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)   The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

74.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)   They did not work as executives or administrators; and,

(b)   The professional exemption does not apply to the PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption  for the reasons set forth above in this Complaint.

75.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of any workweek.

76.   At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and

1    the other members of the CALIFORNIA LABOR SUB-CLASS, overtime

2    compensation for the hours they have worked in excess of the maximum hours

3    permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the

4    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

5    were regularly required to work, and did in fact work, overtime hours.

6         77.    By virtue of DEFENDANT's unlawful failure to pay additional

7    compensation to the PLAINTIFF, and the other members of the CALIFORNIA

8    LABOR SUB-CLASS, for their overtime hours, the PLAINTIFF, and the other

9    members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will

10   continue to suffer, an economic injury in amounts which are presently unknown to

11   them and which will be ascertained according to proof at trial.

12        78.    DEFENDANT knew or should have known that the PLAINTIFF, and

13   the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified

14   as exempt and DEFENDANT systematically elected, either through intentional

15   malfeasance or gross nonfeasance, not to pay them for their overtime labor as a

16   matter of uniform corporate policy, practice and procedure.

17        79.    Therefore, the PLAINTIFF, and the other members of the

18   CALIFORNIA LABOR SUB-CLASS, request recovery of overtime compensation

19   according to proof, interest, costs, as well as the assessment of any statutory penalties

20   against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other

21   statutes.  To the extent overtime compensation is determined to be owed to members

22   of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment,

23   these employees would also be entitled to waiting time penalties under Cal. Lab.

24   Code § 203, which penalties are sought herein.  Further, the PLAINTIFF, and the

25   other members of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and

26   recover statutory costs.

27        80.    In performing the acts and practices herein alleged in violation of labor

28   laws and refusing to provide the requisite overtime compensation, DEFENDANT

acted and continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS.

### THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

81.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 80 of this Complaint.

82.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

1    (6) the inclusive dates of the period for which the employee is paid,

2    (7) the name of the employee and his or her social security number, except that

3    by January 1, 2008, only the last four digits of his or her social security number

4    or an employee identification number other than a social security number may

5    be shown on the itemized statement,

6    (8) the name and address of the legal entity that is the employer, and

7    (9) all applicable hourly rates in effect during the pay period and the

8    corresponding number of hours worked at each hourly rate by the employee.

9        83.    At all times relevant herein, DEFENDANT violated Labor Code § 226,

10 in that DEFENDANT failed to provide an accurate wage statement in writing that

11 properly and accurately itemized the number of hours worked by the PLAINTIFF,

12 and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective

13 regular rates of pay and the effective overtime rates of pay.

14        84.    DEFENDANT knowingly and intentionally failed to comply with Labor

15 Code § 226, causing damages to the PLAINTIFF, and the other members of the

16 CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited

17 to, costs expended calculating the true hours worked and the amount of employment

18 taxes which were not properly paid to state and federal tax authorities.  These

19 damages are difficult to estimate.  Therefore, the PLAINTIFF, and the other members

20 of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages

21 of $50.00 for the initial pay period in which the violation occurred, and $100.00 for

22 each violation in subsequent pay period pursuant to Labor Code § 226, in an amount

23 according to proof at the time of trial (but in no event more than $4,000.00 for the

24 PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-

25 CLASS herein).

26 ///

27 ///

28 ///

1

## FOURTH CAUSE OF ACTION

2

### For Failure to Pay Wages When Due

3

### [ Cal. Lab. Code § 203]

4

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

5

### Defendants)

6       85.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

7   SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein,

8   paragraphs 1 through 84 of this Complaint.

9       86.    Cal. Lab. Code § 200 provides that:

10           As used in this article:
             (a) "Wages" includes all amounts for labor performed by employees
11           of every description, whether the amount is fixed or ascertained by
             the standard of time, task, piece, Commission basis, or other method
12           of calculation.
             (b) "Labor" includes labor, work, or service whether rendered or
13           performed under contract, subcontract, partnership, station plan, or
             other agreement if the labor to be paid for is performed personally by
14           the person demanding payment.

15      87.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer

16   discharges an employee, the wages earned and unpaid at the time of

17   discharge are due and payable immediately."

18      88.    Cal. Lab. Code § 202 provides, in relevant part, that:

19           If an employee not having a written contract for a definite period
             quits his or her employment, his or her wages shall become due and
20           payable not later than 72 hours thereafter, unless the employee has
             given 72 hours previous notice of his or her intention to quit, in
21           which case the employee is entitled to his or her wages at the time of
             quitting. Notwithstanding any other provision of law, an employee
22           who quits without providing a 72-hour notice shall be entitled to
             receive payment by mail if he or she so requests and designates a
23           mailing address. The date of the mailing shall constitute the date of
             payment for purposes of the requirement to provide payment within
24           72 hours of the notice of quitting.

25      89.    There was no definite term in the PLAINTIFF's or any other

26   CALIFORNIA LABOR SUB-CLASS Members' employment contract.

27      90.    Cal. Lab. Code § 203 provides:

28           If an employer willfully fails to pay, without abatement or reduction,
             in accordance with Sections 201, 201.5, 202, and 205.5, any wages

---

of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

91.     The employment of many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

92.     Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

### FIFTH CAUSE OF ACTION
**For Violation of the Private Attorneys General Act**
**[Cal. Lab. Code §§ 2698, *et seq*.]**
**(By PLAINTIFF and Against All Defendants)**

93.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1-92, supra, as though fully set forth at this point.

94.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for

1   Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims

2   cannot be subject to arbitration.

3       95.    PLAINTIFF brings this Representative Action on behalf of the State of

4   California with respect to herself and all other individuals who are or previously were

5   employed by DEFENDANT as an Account Manager and who were classified as

6   exempt from overtime wages and who have not executed a release in favor of CHRW

7   in California during the applicable statutory period of June 13, 2011 to the present

8   (the "AGGRIEVED EMPLOYEES").

9       96.    On June 27, 2012, PLAINTIFF gave written notice by certified mail to

10  the Labor and  Workforce Development Agency (the "Agency") and the employer of

11  the specific provisions of this code alleged to have been violated as required by Labor

12  Code § 2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference

13  herein.  The statutory waiting period for PLAINTIFF to add these allegations to the

14  Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFFS may

15  now commence a representative civil action under PAGA pursuant to Section 2699 as

16  the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES

17  as herein defined.

18      97.    The policies, acts and practices heretofore described were and are an

19  unlawful business act or practice because Defendant's (a) failure to properly record

20  and pay PLAINTIFF and the other AGGRIEVED EMPLOYEES for all of the hours

21  they worked, including overtime, (b) failure to provide accurate itemized wage

22  statements, and (c) failure to timely pay wages, violates the applicable Labor Code

23  sections listed in Labor Code §2699.5, including but not limited to Labor Code §§

24  201, 202, 203, 226(a), 510, 1194 & 1198 and the Wage Order No. 4-2001, and

25  thereby gives rise to statutory penalties as a result of such conduct.  PLAINTIFF

26  hereby seeks recovery of civil penalties as prescribed by the Labor Code Private

27  Attorney General Act of 2004 as the representative of the State of California for the

28  illegal conduct perpetrated on PLAINTIFF and the other AGGRIEVED

1   EMPLOYEES.

2

3                           **PRAYER FOR RELIEF**

4          WHEREFORE, the PLAINTIFF prays for judgment against each Defendant,

5   jointly and severally, as follows:

6   1.   On behalf of the CALIFORNIA CLASS:

7        A)   That the Court certify the First Cause of Action asserted by the

8             CALIFORNIA CLASS as a Class Action pursuant to Fed. R. Civ. Proc.

9             23(b)(2) and/or (3);

10       B)   An order requiring DEFENDANT to correctly calculate and pay all

11            wages and all sums unlawfuly withheld from compensation due to the

12            PLAINTIFF and the other members of the CALIFORNIA CLASS;

13       C)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a

14            fluid fund for restitution of the sums incidental to DEFENDANT's

15            violations due to the PLAINTIFF and to the other members of the

16            CALIFORNIA CLASS according to proof; and,

17       D)   An order temporarily, preliminarily, and permanently enjoining and

18            restraining DEFENDANT from engaging in similar unlawful conduct as

19            set forth herein.

20  2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

21       A)   That the Court certify the Second, Third, and Fourth Causes of Action

22            asserted by the CALIFORNIA LABOR SUB-CLASS as a Class Action

23            pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

24       B)   Compensatory damages, according to proof at trial, including

25            compensatory damages for overtime compensation due to the

26            PLAINTIFF and the other members of the CALIFORNIA LABOR

27            SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-

28            CLASS PERIOD plus interest thereon at the statutory rate;

C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; and,

D)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.    On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES

A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys
General Act of 2004.

4.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties and cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5.

Dated: September 5, 2012          BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

**DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: September 5, 2012          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:

Norman B. Blumenthal
Attorneys for Plaintiff

G:\D\Dropbox\Pending Litigation\CH Robinson - Poublon - CLASS ACTION\p-FAC.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

# BLUMENTHAL, NORDREHAUG & BHOWMIK

FACSIMILE
(858) 551-1232

2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
DeBlouw@bamlawca.com

WRITERS EXT:
5

June 27, 2012
IA109

## VIA CERTIFIED MAIL

Labor and Workforce Development
Agency
Certified Mail # 70120470000243555250
801 K Street, Suite 2101
Sacramento, CA 95814

C.H. Robinson Company Inc.
Certified Mail #70120470000243555267
c/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 1400
Sacramento, CA 95833

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 226(a), 510, 1194, 1198, Violation of Industrial Welfare Commission Wage Order No. 4-2001, Applicable Industrial Welfare Commission Wage Orders, and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiff Lorrie Poublon (the "Plaintiff"), and other aggrieved employees in a class action against C.H. Robinson Company Inc. ("Defendant"). Plaintiff was employed as an "Account Manager" from May of 2007 to February of 2012 and was classified by Defendant as a salaried employee exempt from receiving overtime wages and other related benefits. Defendant, however, unlawfully failed to record and pay Plaintiff and other aggrieved employees for all of the hours they worked, including overtime hours. As a consequence of the aforementioned violations, the Plaintiff further contends that Defendant failed to provide accurate wage statements to her, and other aggrieved employees, in violation of California Labor Code § 226(a). Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 226(a), 510, 1194, 1198, Violation of Industrial Welfare Commission Wage Order No. 4-2001, and is therefore actionable under California Labor Code § 2699.3.

A true and correct copy of the Complaint filed by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable the Plaintiff to proceed with the complaint filed in the Los Angeles  County Superior Court, Case No. BC486482, against Defendant as authorized by California Labor Code § 2695, *et seq*.  The pending class action lawsuit consists of a class of other aggrieved employees.  As class counsel, our intention is to vigorously prosecute the class wide claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all aggrieved California employees and Class Members.

Your earliest response to this notice is appreciated.  If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Sincerely,

*/s/Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\CH Robinson - Poublon - CLASS ACTION\l-paga-01.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Labor & Workforce Dev. Agency
801 "K" Street, Ste. 2101
Sacramento, CA 95814

JA109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

DEVELOPMENT DEPARTMENT
800 Capitol Mall
Sacramento, CA 95814

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7012 0470 0002 4355 5250

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.H. Robinson Company – CSC
Lawyers, Inc. Service
2710 Gateway Oaks Drive, ste. 1400
Sacramento, CA 95814

JA109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Steve Cassidy_   ☐ Agent   ☒ Addressee

B. Received by (Printed Name)   _Steve Cassidy_   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

SACRAMENTO PROCU USPS
JUN 29 2012

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 0470 0002 4355 5267

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540