UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    'O'

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Piya Mukherjee | Christopher Decker |
| | Jack Sholkoff |

**Proceedings:**      DEFENDANTS' MOTION TO STAY, COMPEL
                     ARBITRATION, AND DISMISS CLASS AND
                     REPRESENTATIVE ALLEGATIONS (Dkt. No. 29, filed
                     November 5, 2012)

## I.      INTRODUCTION

On June 13, 2012, plaintiff Lorrie Poublon filed this putative class action against defendants C.H. Robinson Company, C.H. Robinson Worldwide, Inc., and Does 1 through 50. Defendants removed the action to federal court on August 1, 2012. Dkt. No. 1. Plaintiff filed the operative First Amended Complaint ("FAC") on September 7, 2012. Dkt. No. 20. Plaintiff alleges that defendants, her former employers, misclassified her and other employees as exempt from overtime pay requirements. The FAC asserts claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and several provisions of the California Labor Code. Plaintiff brings these claims on behalf of herself and a class of similarly situated employees, as well as on behalf of the State of California pursuant to the Private Attorneys General Act ("PAGA"), California Labor Code §§ 2698, *et seq.*

On November 5, 2012, defendants filed a motion to compel arbitration of plaintiff's individual claims, stay this litigation, and dismiss plaintiff's class and representative allegations pursuant to the arbitration agreement. Dkt. No. 29. On November 24, 2014,[1] plaintiff filed an opposition, arguing that the arbitration provision is

---

[1]Briefing on the motion was stayed pending the Magistrate Judge's adjudication of a discovery dispute, which was itself stayed pending a relevant decision of the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

unenforceable. Dkt. No. 51. Defendants filed a reply on December 15, 2014. Dkt. No. 52. On January 12, 2015, the Court heard oral argument on the motion. After considering the parties' arguments, the Court DENIES defendants' motion in its entirety.

## II.    FACTUAL BACKGROUND

Defendants operate a large transportation services and logistics company. FAC ¶ 1. Plaintiff began working for defendants in May 2007 as an "Account Manager." Dkt. No. 29-1 (Arnold Decl.) ¶ 3. Plaintiff alleges that although she and other Account Managers did not exercise significant independent judgment or discretion, they were improperly classified as salaried employees exempt from overtime pay and related legal requirements. FAC ¶ 7. Plaintiff brings a class action on behalf of herself and other persons employed in California as Account Managers within a certain time period, as well as on behalf of the State of California through PAGA. See id. ¶¶ 24–45, 93–97.

On December 28, 2007, plaintiff signed the first of several "Incentive Bonus Agreements" (or "IBAs"). Arnold Decl. ¶¶ 4–9 & Exs. A–G. Plaintiff executed her last IBA on or about December 23, 2011. Id. ¶ 5. This IBA includes an arbitration provision that reads in relevant part:

> You and the Company agree that, except as provided below, all Claims the Company might bring against You and all claims You might bring against the Company and/or any of its officers, directors, or employees shall be deemed waived unless submitted to mediation, then, if mediation is unsuccessful, to final and binding arbitration in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association, modified as follows: (1) the arbitration need not actually be administered by the American Arbitration Association; (2) any mediation or arbitration shall be governed by the Company's Employment Dispute Mediation/Arbitration Procedure, which is available on the Company intranet; (3) dispositive motions shall be permissible and not disfavored in any arbitration, and the standard for deciding such

---

Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|--------------------------|------|-------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

motions shall be the same as under Rule 56 of the Federal Rules of
Civil Procedure; (4) except on a substantial showing of good cause,
discovery will be limited to the exchange of relevant documents and
three depositions per side; and (5) except as mutually agreed at the
time between You and the Company, neither You nor the Company
may bring any Claim combined with or behalf of any other person or
entity, whether on a collective, representative, or class action basis or
any other basis.  In the case of any conflict between the rules and
procedures for either mediation or arbitration, the priority and order of
precedence shall be as follows: (1) the rules and procedures stated
herein; (2) the Company's Employment Dispute
Mediation/Arbitration Procedure; (3) the Employment Arbitration
Rules and Mediation Procedures of the American Arbitration
Association.

For purposes of this Agreement, "Claims" shall include, but not
limited to [sic], all claims directly or indirectly related to Your
recruitment, employment, compensation or benefits . . . or termination
of employment by the Company . . . .  This Dispute Resolution
Agreement shall not apply to any of the following: (1) Worker's
Compensation claims; (2) claims related to unemployment insurance;
and (3) any claims by the Company that include a request for
injunctive or equitable relief, including, without limitation, claims
related to its enforcement of any restrictive covenants, non-
competition obligations, non-solicitation obligations and/or
confidential information provisions contained in any Company policy
and/or employment agreement(s) entered into between You and the
Company and/or any claims to protect the Company's trade secrets,
confidential or proprietary information, trademarks, copyrights,
patents, or other intellectual property.

. . . . .

If any portion of this dispute resolution provision is determined to be
void or unenforceable, then the remaining portions of this Agreement
shall continue in full force and effect, and this Agreement may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|-------------------------|------|------------------|
| Title    | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

modified to the extent necessary, consistent with its fundamental purpose and intent, in order to make it enforceable.

Arnold Decl. Ex. G.  Additional terms relevant to this motion are contained in defendants' Employment Dispute Mediation/Arbitration Procedures ("Arbitration Procedures"), id. Ex. C, and are discussed below. The IBA also advises:

> YOU MAY WISH TO CONSULT AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT, HOWEVER, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY BONUS PAYMENTS OR ADVANCES UNTIL THIS AGREEMENT IS SIGNED AND RETURNED BY YOU.  PLEASE READ THESE PROVISION CAREFULLY.  BY SIGNING BELOW, YOU ARE ATTESTING THAT YOU HAVE READ AND UNDERSTOOD THIS DOCUMENT, AND ARE KNOWINGLY AND VOLUNTARILY AGREEING TO ITS TERMS.

Id.

## III.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration agreements."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24(1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute."  Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985).  The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms.  Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**              **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|-------------------------|------|------------------|
| Title    | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 — U.S. —, 131 S. Ct. 1740, 1746 (2011). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal. 4th 951, 972 (1997).

## IV.   ANALYSIS

### A.   Whether the Arbitration Provision is Enforceable

Plaintiff argues that the arbitration agreement is unconscionable and thus unenforceable. Courts apply state contract law to determine the enforceability of an arbitration agreement. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010). Under California law, "a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 89 (2000)). These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Armendariz, 24 Cal. 4th at 89. If the Court determines that contractual provisions are unconscionable, the Court must decide whether the unconscionable provisions are severable from the rest of the contract. Id. at 121–122.

### 1.   Procedural Unconscionability

Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002); A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 484 (1982). "Oppression" addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation" and an absence of "meaningful choice." A&M Produce, 135 Cal. App. 3d at 486. "Surprise" concerns

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. Parada v. Superior Court, 176 Cal. App. 4th 1554, 1568 (2009).

"The threshold inquiry in California's unconscionability analysis is 'whether the arbitration agreement is adhesive.' " Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1281 (9th Cir. 2006) (quoting Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 850 (2001)). A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1533 (1997) (internal quotation marks and citations omitted). Defendants admit that the IBA was a contract of adhesion that plaintiff had no opportunity to negotiate or modify. See Dkt. No. 51-2 (Blumenthal Decl.) Ex. A. Such "take-it-or-leave-it" contracts of adhesion are oppressive under California law. See Trivedi v. Curexo Tech. Corp., 189 Cal. App. 4th 387, 393 (2010) ("Procedural unconscionability occurs when the stronger party drafts the contract and presents it to the weaker party on a 'take it or leave it basis.' "); Flores, 93 Cal. App. 4th at 853 ("A finding of a contract of adhesion is essentially a finding of procedural unconscionability."); Stirlen, 51 Cal. App. 4th at 1533 ("[T]he threshold question is whether the subject arbitration clause is part of a contract of adhesion, thereby establishing the necessary element of procedural unconscionability.").

Defendants argue that the IBA is not procedurally unconscionable, or is only minimally so, because had plaintiff refused to sign it, she would not have lost her job, but only her bonus. Defendants appear to base this argument on plaintiff's supervisor's testimony that he is "not aware of" the signing of the IBA being a condition of continued employment. See Dkt. No. 29-5 (Cho Decl. Ex. B) at 36:3-23. But the first paragraph of the IBA states that the agreement is "*[i]n consideration for your continued employment*" as well "eligibility for a bonus incentive," which at the very least could lead an employee to believe that a refusal to sign the contract could result in termination. Arnold Decl. Ex. G (emphasis added). Moreover, even if the only consequence of refusing to sign the IBA were the loss of plaintiff's bonus, that bonus accounted for approximately one-quarter of plaintiff's annual cash compensation, and a significant amount of coercion would still exist. See id. Therefore, the Court finds that the IBA is a "take it or leave it" contract of adhesion and oppressive on that basis alone.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|--------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

    Defendants argue that adhesion alone is insufficient to justify a finding of oppression, and cite Concepcion and district court cases interpreting it for the proposition that adhesive contracts are not necessarily procedurally unconscionable. However, both the California Supreme Court and the Ninth Circuit have held, in cases decided after both Concepcion and defendants' cited cases, that contracts of adhesion continue to be procedurally unconscionable. See Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1142–45 (2014) (examining Concepcion and concluding that case did not affect unconscionability doctrines ensuring that "contracts, particularly contracts of adhesion, do not impose" unfair terms); Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922-23 (9th Cir. 2013) (citing with approval prior cases finding contracts of adhesion to involve some degree of procedural unconscionability as a matter of law); Newton v. Am. Debt. Servs., Inc., 549 F. App'x 692, 694 (9th Cir. 2013) (unpublished opinion) ("Defendants concede the arbitration agreement was an adhesion contract. As a result, it is oppressive (and therefore procedurally unconscionable).").

    Moreover, the arbitration agreement is not procedurally unconscionable merely because it appears in a contract of adhesion; defendants also did not provide plaintiff with a copy of either the American Arbitration Association's rules or defendants' Arbitration Procedures, both of which plaintiff became subject to by signing the IBA. "Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound, supported a finding of procedural unconscionability." Trivedi, 189 Cal. App. 4th at 393 (citing cases); see also Carmona v. Lincoln Millennium Car Wash, Inc., 226 Cal. App. 4th 74, 84 (2014) ("Failure to provide the applicable arbitration rules is another factor that supports procedural unconscionability."); Harper v. Ultimo, 113 Cal. App. 4th 1402, 1406–07 (2003) (finding procedural unconscionability where arbitration rules were referenced by instead of attached to the contract, forcing the signer "to go to another source to find out the full import of what he or she is about to sign"). Here, plaintiff was required to consult not one, but two separate sources (the AAA rules on the internet and the Arbitration Procedures on defendants' intranet) to "find out the full impact of what . . . she [was] about to sign." Harper, 113 Cal. App. At 1406–07. Therefore, the Court agrees with a sister district court that examined the same agreement and found that "the failure of Defendants to supply Plaintiff with [the Arbitration Procedures] at the time [s]he signed the agreements adds an element of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|--------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

surprise, and therefore procedural unconscionability." <u>Grabowski v. Robinson</u>, 817 F. Supp. 2d 1159, 1172 (S.D. Cal. 2011).[2]

Defendants' arguments that a failure to attach arbitration rules has "no impact"on procedural unconscionability are unpersuasive. The first of two cases they cite, <u>Lane v. Francis Capital Mgmt. LLC</u>, actually confirms that "failure to attach the arbitration rules could be a factor in support of a finding of procedural unconscionability." 224 Cal. App. 4th 676, 690 (2014). The court merely denied that a failure to attach the rules "*by itself*, is sufficient to sustain a finding of procedural unconscionability." <u>Id.</u> <u>Lane</u> cited as good law <u>Trivedi</u> and other cases holding that a failure to attach arbitration rules increased the degree of procedural unconscionability of adhesive contracts. <u>Id.</u> Defendants' other cited case similarly held that "failure to attach the AAA rules, standing alone, is insufficient grounds to support a finding of procedural unconscionablity," but acknowledged cases holding that a failure to attach arbitration rules increases the procedural unconscionability of an adhesive contract. <u>Peng v. First Republic Bank</u>, 219 Cal. App. 4th 1462, 1470–72 (2013).[3] Furthermore, as discussed below, defendants have pointed to no contractual limitation on defendants' ability to unilaterally modify the Arbitration Procedures on the company intranet, adding an additional element of surprise.

Defendants do point to other facts that slightly reduce the degree of procedural unconscionability: the part of the arbitration agreement contained in the IBA itself is not

_____

[2]At oral argument, counsel for defendants repeated the argument that there was no surprise involved in defendants' failure to provide plaintiff with a copy of the rules because those rules were incorporated by reference and available on the internet or defendants' intranet. But the cases cited above and others have found this same situation to be procedurally unconscionable. <u>See</u> <u>Fitz v. NCR Corp.</u>, 118 Cal. App. 4th 702, 721 (2004) ("NCR's ACT policy similarly incorporates arbitration rules that were not attached and requires the other party to go to another source in order to learn the full ramifications of the arbitration agreement.").

[3]To the extent that defendants contend that <u>Peng</u> and <u>Lane</u> constitute a recent shift in the case law, the Court notes that <u>Carmona</u> was decided after both of those cases. 226 Cal. App. 4th at 84 (finding that failure to provide a copy of the AAA rules "contribute[d] to oppression" and procedural unconscionability).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|-------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

buried in a long document, the IBA advises that the employee may wish to consult an attorney before signing, and plaintiff was permitted to take the document home with her. See Siglain v. Trader Pub. Co., No. C 08-2108 JL, 2008 WL 3286974, at (N.D. Cal. Aug. 6, 2008) (finding the degree of procedural unconscionability lessened because employees could take documents with them and have them reviewed before signing). Still, the Court finds that the agreement at issue exhibits a significant degree of procedural unconscionability.

2.      Substantive Unconscionability

Plaintiff contends that the arbitration provision contains ten substantively unconscionable terms, and that these unconscionable terms so permeate the agreement that they are non-severable and the entire agreement is unenforceable. Defendants deny that any term is unconscionable, and contend that any terms the Court does deem unconscionable should be severed. The Court addresses each disputed provision below.

a.      Judicial Resolution Carve-Out

Plaintiff argues that the agreement is unfair because it requires plaintiff to submit all claims against defendants to arbitration, but preserves defendants' right to seek judicial resolution of "any claims by the Company that include a request for injunctive or equitable relief, including, without limitation, claims related to the enforcement of" certain restrictive covenants and intellectual property rights. The Court agrees. As the Ninth Circuit has explained: "Where the party with stronger bargaining power has restricted the weaker party to the arbitral forum, but reserved for itself the ability to seek redress in either an arbitral or judicial forum, California courts have found a lack of mutuality supporting substantive unconscionability." Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1285 (9th Cir. 2006). Indeed, the California Supreme Court has explained that substantive unconscionability is manifest when "an agreement requir[es] arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party." Armendariz, 24 Cal. 4th at 120. For example, in Martinez v. Master Protection Corp., the California Court of Appeal held unconscionable a provision that required the employee to arbitrate all claims against the employer, but carved out claims by the employer "for injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information." 118 Cal. App. 4th 107, 115 (2004). The court reasoned that the provision unfairly "requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

employees to arbitrate the claims they are most likely to assert against [the employer], while simultaneously permitting [the employer] to litigate in court the claims it is most likely to assert against its employees." Id.; see also Carmona, 226 Cal. App. 4th at 87 ("Courts have repeatedly found this type of one-sided provision—where the employer exempts claims only it would bring from arbitration while restricting any employee claims to arbitration—to be substantively unconscionable."); Mercuro v. Superior Court, 96 Cal. App. 4th 167, 175–76 (2002) (similar).

The provision exempts *any* claims by defendants "that include a request for injunctive or equitable relief, including, without limitation," the most common actions brought by employers against employees. The unconscionability of such a provision is beyond reasonable dispute. See Grabowski, 817 F. Supp. 2d at 1173–74 (finding the same provision unconscionable). Defendants' only responsive argument to the contrary is that "claims of unfair competition or trade secret violations" "typically arise after the employer-employee relationship has terminated" and can "substantially impact[] the rights of third parties." Dkt. No. 52 at 5 (citing Steele v. Am. Mortg. Mgmt. Servs., No. 2:12-cv-00085-WBS-JFM, 2012 WL 5349511, at *5 n.3 (E.D. Cal. Oct. 26, 2012)). But this justification does not even cover the scope of the carve-out provision. Moreover, for an employer to justify a non-mutual carve-out such as this one, the " 'business realities' that create the special need for such an advantage" for the employer must be either "explained in the contract itself" or "factually established." Armendariz, 24 Cal. 4th at 117 (citing Stirlen, 51 Cal. App. 4th at 1536). Defendants do not contend that the contract itself contains any such "business realities" or attempt to "factually establish" them. Accordingly, this provision lacks mutuality and is substantively unconscionable.

b.    Venue

The Arbitration Procedures provide: "[t]he Venue of any Dispute shall be Hennepin County, [Minnesota]. Unless the Parties otherwise agree or the Arbitrator otherwise directs for good reason, any hearing shall be conducted and deemed held in that county of venue, at a place convenient to the Parties as so designated by the Arbitrator."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

Arnold Decl. Ex. C. at 78.[4]  Plaintiff argues that this provision unfairly advantages defendants.  The Court agrees.

The California Supreme Court has explained that a forum selection clause requiring arbitration in a distant forum is unconscionable where it imposes significant hardships on the weaker party and has "no justification other than as a means of maximizing an advantage over the" weaker party.  Bolter v. Superior Court, 87 Cal. App. 4th 900, 910 (2001).  Similarly, in Nagrampa, the Ninth Circuit found that a provision designating Boston as the arbitral forum was unconscionable under California law because it required arbitration "only a few miles from [the employer's] headquarters, but three thousand miles away from Nagrampa's home." 469 F.3d at 1289.  The court explained that where the forum selection clause was imposed by a stronger party and effectively precluded plaintiff from pursuing her claims because of the prohibitive costs of distant litigation, the clause was unenforceable.  Id. at 1289–90; see also Acosta v. Fair Isaac Corp., 669 F. Supp. 2d 716, 722 (N.D. Tex. 2009) (finding a forum selection clause unconscionable under California law where it required arbitration in California of an agreement entered into in Texas); cf. Pinedo v. Premium Tobacco Stores, Inc., 85 Cal. App. 4th 774, 781 (2000) (finding as a factor weighing in favor of unconscionability a provision requiring a Los Angeles plaintiff to arbitrate in Oakland).

Defendants argue that the provision is not unconscionable because it allows the arbitrator, or the parties by mutual consent, to select a non-Minnesota venue.  But the Court is not convinced that the possibility that the arbitrator may find "good reason" to order a different venue distinguishes the cases cited above, and defendants offer no authority suggesting that it does.  Moreover, it is unclear whether plaintiff could even

---

[4]Relatedly, the IBA provides that any claim not subject to the mediation and arbitration provisions (for example, a claim by the employer including a request for equitable relief) are to be "adjudicated exclusively in a state or federal court in Hennepin County, Minnesota," with the employee "waiv[ing] any objection to such venue, whether on the basis of inconvenience or otherwise."  Arnold Decl. Ex. G. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|-------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

move the arbitrator to select a different venue without initially appearing in Minnesota. Therefore, this provision is substantively unconscionable as well.[5]

       c.     Confidentiality

     The Arbitration Procedures provide: "[a]ll aspects of the arbitration, including without limitation, the record of the proceedings, are confidential and shall not be open to the public," except to the extent the parties agree in writing, or as necessary in subsequent proceedings between the parties or in response to a "government agency or legal process."  Arnold Decl. Ex. C at 79.

     Plaintiff argues that this facially neutral confidentiality provision unfairly favors defendants by (1) allowing defendants to learn as "repeat players" in the arbitration process, while preventing employees from learning from similar prior cases, and (2) preventing plaintiff from sharing evidence with other claimants.  Plaintiff cites cases in which the Ninth Circuit has found confidentiality provisions unconscionable for these reasons.  See Pokorny, 601 F.3d at 1002 (finding a confidentiality provision unconscionable because it handicapped the plaintiffs' ability to investigate claims while allowing the employer to learn how to better arbitrate future claims); Davis v. O'Melveny & Myers, 485 F.3d 1066, 1078–79 (9th Cir. 2007) (finding unconscionable a confidentiality clause that prevented employee-claimants from contacting other employees to assist in arbitration), overruled on other grounds by Ferguson v. Corinthian Colls., Inc., 733 F.3d 928, 933–34 (9th Cir. 2013); Ting v. AT&T, 319 F.3d 1126, 1151–52 (9th Cir. 2003) (holding that the district court had not  erred in finding a confidentiality provision unconscionable because AT&T had "placed itself in a far

---

    [5]At oral argument, defendants represented for the first time that they would agree to arbitration in California, and asked the Court on that basis to change a tentative ruling that the venue provision is unconscionable.  But this mid-litigation offer has no impact on the Court's analysis of the lawfulness of the venue provision as written.  See Armendariz, 24 Cal. 4th at 125 (explaining that an employer's willingness to alter an arbitration provision "now that the employment relationship has ended . . . does not change the fact that the arbitration agreement as written is unconscionable"); see also Stirlen, 51 Cal. App. 4th at 1535–36 ("No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. |

superior legal posture by ensuring that none of its potential opponents have access to precedent while, at the same time, AT&T accumulates a wealth of knowledge"). The Grabowski court found the same confidentiality provision at issue here to be substantively unconscionable. 817 F. Supp. 2d at 1176–77.

In response, defendants cite Sanchez v. Carmax Auto Superstores Cal., LLC, in which the California Court of Appeal considered and upheld a similar confidentiality provision. 224 Cal. App. 4th 398, 408 (2014). Regarding that provision, the Sanchez court stated simply that the court " 'see[s] nothing unreasonable or prejudicial about it,' and it is not substantively unconscionable." Id. (quoting Woodside Homes of Cal., Inc. v. Superior Court, 107 Cal. App. 4th 723, 732 (2003)). Defendants argue that Sanchez must control on this issue, citing the Ninth Circuit's admonition that " '[a]n intermediate state appellate court decision is a 'datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " Am. Tower Corp. v. City of San Diego, 763 F.3d 1035, 1047 (9th Cir. 2014) (quoting Estrella v. Brandt, 682 F.2d 814, 817 (9th Cir. 1982)).

As American Tower makes clear, a California Court of Appeal decision "does not control" a district court's interpretation of California law, but "may afford guidance as to how the California Supreme Court would interpret" it. 763 F.3d at 1047. In American Tower, the Ninth Circuit declined to follow a California Court of Appeal decision even in the absence of *any* contrary case law (federal or state) because the Ninth Circuit found a different meaning in the text of the statute at issue. Id. Although the Sanchez case supports defendants' position, its analysis of the confidentiality provision consists of a single sentence, and neither Sanchez nor Woodside Homes considers the policy rationales advanced by Pokorny, Davis, or Ting.[6] The Court finds the Ninth Circuit cases

---

[6]Multiple California courts have recently cited this Ninth Circuit line of cases with approval in unpublished opinions, casting doubt on defendant's contention at oral argument that Sanchez and Woodside Homes conclusively show that the California Supreme Court would uphold this provision. See, e.g., Vega v. Frandell Grp. LLC, G047847, 2013 WL 5652489, at *6–8 (Cal. Ct. App. Oct. 17, 2013) (citing Davis in finding "fairly obvious" the "one-sidedness" of a facially neutral confidentiality provision); Teimouri v. Macy's, Inc., D060696, 2013 WL 2006815, at *32–34 (Cal. Ct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

interpreting similar confidentiality provisions, as well as <u>Grabowski</u>'s interpretation of the exact same provision, to be "other persuasive data" suggesting that the California Supreme Court would find this provision to be substantively unconscionable.

        d.       Choice of Law

The Arbitration Procedures provide in an "Applicable Law" section that the "principles of applicable substantive common, decisional and statutory law shall control the disposition of each Dispute." Arnold Decl. Ex. C. at 78. Plaintiff cites a different provision to argue that the arbitration agreement unfairly forces plaintiff to proceed under Minnesota law. That provision reads: "Any proceeding pursuant to the Employment Dispute Arbitration Procedure is deemed to be an arbitration proceeding subject to the Federal Arbitration Act . . . if applicable, to the exclusion of any state law inconsistent therewith; or, if the FAA is not applicable, to the law of state of venue." <u>Id.</u> at 80. Defendants argue that this provision only concerns procedural matters, and does not "deprive[] Plaintiff of any substantive rights she may have under California law." Dkt. No. 52 at 7–8. Defendants' interpretation appears to be correct; therefore, the Court finds no substantive unconscionability in this provision.

        e.       Availability of Attorneys' Fees

The Arbitration Procedures allow the arbitrator to award reasonable attorneys' fees and costs "upon a finding that the claim or counterclaim was frivolous or brought to harass the Employee, the Company, or the Company's personnel." Arnold Decl. Ex. C at 80. The Arbitration Procedures also allow the award of attorneys' fees upon a finding that a party "(a) engaged in unreasonable delay, (b) failed to cooperate in discovery, or (c) failed to comply with requirements of confidentiality." <u>Id.</u>

---

App. May 14, 2013) (citing both <u>Davis</u> and <u>Grabowski</u> with approval); <u>Moran v. Superior Court</u>, No. F061801, 2011 WL 5560178, at *16–18 (Cal. Ct. App. Nov. 16, 2011)(extensively discussing and distinguishing <u>Ting</u> and <u>Davis</u>); <u>Ku v. Tekni-Plex, Inc.</u>, No. B223194, 2011 WL 105873, at *8–9 (Cal. Ct. App. Jan. 13, 2011) (citing <u>Davis</u> in finding unconscionable a confidentiality provision)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|-------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

Plaintiff argues that this provision allows defendants to recover attorneys' fees in Labor Code actions for which the California legislature has determined that only employees, not employers, may collect attorneys' fees. See Earley v. Superior Court, 79 Cal. App. 4th 1420, 1426 (2000). Plaintiff also argues that this provision improperly leaves the award of attorneys' fees to employees to the discretion of the arbitrator, whereas under Labor Code § 1194, a prevailing employee has the absolute right to recover attorneys' fees. See Arnold Decl. Ex. C at 79–80 (providing that the "[a]ward of any damages or relief is left to the discretion of the Arbitrator, in accordance with applicable law"); Cal. Labor Code § 1194 ("[A]ny employee receiving less than the . . . legal overtime compensation applicable to the employee is entitled to recover in a civil action . . . reasonable attorney's fees, and costs of suit.").

Defendants point out that the Arbitration Procedures also give the arbitrator "the same power and authority as . . . a judge in a non-jury court trial to grant any relief that a court could grant, as may be in conformance with applicable principles of common, decisional and statutory law in the relevant jurisdiction." Arnold Decl. Ex. C at 79–80. Defendants argue that "to the extent applicable law would require a court to award Plaintiff attorneys' fees, the [arbitration agreement] authorizes and requires the arbitrator to do so as well." Dkt. No. 52 at 8. Defendants also argue that the objected-to provision is similar to statutes allowing a court to sanction a party for frivolous or harassing litigation, although those statutes would not provide for attorneys' fees in the event that a litigant failed to comply with confidentiality requirements the Court has already found to be unconscionable. Cf. Cal. Civ. Proc. Code § 128.7; Fed. R. Civ. P. 11.

The Grabowski court found the same provisions to be substantively unconscionable because they "potentially offer[ed]" defendants attorneys' fees for which they might not otherwise be eligible under California law." 817 F. Supp. 2d at 1178. The court noted, however, that the "degree of unconscionability is low, given the ability of a court to sanction a party in the amount of the opposing party's attorneys' fees for frivolous, harassing, or unreasonable filings." Id. The Court concurs with this reasoning, and finds this provision to be unconscionable, although not heavily so.[7]

--------

[7]At oral argument, defense counsel argued that there was no scenario in which defendants would be entitled to attorneys' fees under the arbitration agreement, but not in court. Defendants have, however, taken a contrary position on the same provision in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|--------------------------|------|-------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

f.      Ability to Modify Arbitration Rules

The IBA states that "any mediation or arbitration shall be governed by the Company's Employment Dispute Mediation/Arbitration Procedure, which is available on the Company's intranet." See Arnold Decl. Ex. G. ¶ 7. Plaintiff argues that this gives defendants the ability to unilaterally modify the rules, making this provision unconscionable. Plaintiff cites Ramirez-Baker v. Beazer Homes, Inc., 636 F. Supp. 2d 1008, 1022 (E.D. Cal. 2008), in which the court found unconscionable a provision that allowed an employer to unilaterally modify or terminate an agreement on thirty days' notice to the employee. The court reasoned that with such a provision, "there can be no meaningful opportunity to negotiate the terms of the agreement, and thus, no agreement by the employee to submit to the new terms of the agreement." Id. (citing Ingle v. Circuit City Stores, 328 F.3d 1165, 1179 (9th Cir. 2003)). The Ramirez-Baker court relied on a Ninth Circuit case holding that a unilateral modification provision in an adhesive contract was unconscionable because it "proscribe[d] an employee's ability to consider and negotiate the terms of her contract." Ingle, 328 F.3d at 1179.[8]

Defendants argue that the provision "does not state or suggest that [defendants] reserve[] the right to modify these rules." Dkt. No. 52 at 9. But the provision does incorporate arbitration rules "available on the Company's Intranet," which defendants presumably have the ability to alter, and does not contain any limitation on modification.

_____

prior litigation. See Grabowski, 817 F. Supp. 2d at 1178 ("Defendants concede that the arbitration agreement 'potentially offers Defendants attorneys fees for which they might not otherwise be eligible' under California law." (quoting same defendants' reply brief in that case)).

[8]Defendants attempt to brush aside Ingle by arguing that it " 'did not hold that [the unilateral modification] clause renders the agreement unenforceable.' " Dkt. No. 52 at 9 (brackets in original) (quoting Casas, 224 Cal. App. 4th at 1237 n.1). But while it is true that the Ingle court "dr[e]w no conclusion as to whether this term, *by itself*, renders the contract unenforceable," the court did squarely hold that "the provision affording Circuit City the unilateral power to terminate or modify the contract is substantively unconscionable." Ingle, 328 F.3d at 1179 & n.23 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

Defendants point to no clause, for example, that limits the rules applicable to a dispute to those posted on the Intranet when the employee signs the contract, or mandates notice of any modifications.

Defendants argue that even if defendants can unilaterally modify the rules, the implied covenant of good faith and fair dealing prevents such an ability from being unconscionable. Defendants rely on Casas v. Carmax Auto Superstores Cal., LLC, 224 Cal. App. 4th 1233, 1237 (2014), in which the court found that a unilateral modification clause did not invalidate an arbitration agreement. In that case, however, the agreement "provided a specific date for any amendment . . . 30 days' notice, and posting" at the employer's places of business. Id. The court found that these constraints distinguished Casas from an earlier case, Sparks v. Vista Del Mar Child & Family Servs., 207 Cal. App. 4th 1511, 1523 (2012), in which an unenforceable arbitration clause allowed changes without notice and at any time. See Casas, 224 Cal. App. 4th at 1237.

Finding defendant's authority inapposite, the Court is persuaded by plaintiff's argument that the agreement's incorporation by reference of apparently mutable terms on the defendants' intranet, without any apparent limitation on or provision of notice of unilateral modification, is unconscionable.

g.      Discovery Limitations

The IBA limits discovery to "except on a substantial showing of good cause . . . the exchange of relevant documents and three depositions per side." Arnold Decl. Ex. G ¶ 7. The Arbitration Procedures include the following section:

> The Parties shall cooperate in the voluntary exchange of such documents and information as will serve to expedite the resolution of the Dispute in arbitration.
>
> Discovery shall be conducted in the most expeditious and cost-effective manner practicable, and shall be limited to that which is relevant and material to the Dispute and for which each Party has a substantial, demonstrable need.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|--------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

Upon request, each Party shall be entitled to receive, prior to the hearing, information and copies of documents that meet the criteria for discovery.  Upon request, the Employee shall be entitled to a true copy of his or her personnel records kept in the ordinary course of business (including without limitation any and all performance valuations), other than records relating to pre-employment procedures and any reference checks, subject to any condition or limitation imposed by the Arbitrator upon a showing of good cause.

Upon request, the Employee shall be entitled, at least thirty (30) days in advance of the commencement of the hearing, to take at least one deposition of an Company [sic] representative designated by the Employee.  Upon request, the Company shall be entitled, at least thirty (30) days in advance of the commencement of the hearing, to take the deposition of the Employee.  Any dispute relative to discovery shall be presented to the Arbitrator for final and binding resolution.  The Arbitrator may grant, upon good cause shown, either Party's request for discovery in addition to or limiting that for which this paragraph expressly provides.

Arnold Decl. Ex. C at 78.

Plaintiff interprets these provisions as limiting discovery to only one deposition, and to documents that defendant deems "relevant and material."  Plaintiff contends that this unfairly constrains discovery and alters the standard for discoverable evidence.

In Armendariz, the California Supreme Court explained that although discovery can be limited in arbitration, employees agreeing to arbitrate statutory claims "are at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator(s) and subject to limited judicial review." 24 Cal. 4th at 106.  The court "recognize[d] . . . that a limitation on discovery is one important component of the 'simplicity, informality, and expedition of arbitration.' " Id. at 106 n.11 (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991)).  But the court explained that this "desirable simplicity" must be balanced with a plaintiff's need for discovery to prove her statutory claims.  Id. The California Supreme Court later characterized this part of Armendariz as designed "to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

ensure minimum standards of fairness in arbitration so that employees subject to mandatory arbitration agreements can vindicate their public rights in an arbitral forum." Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1080 (2003).

     In Fitz v. NCR Corp., the California Court of Appeal applied Armendariz in finding an arbitration agreement's discovery limitations substantively unconscionable. 118 Cal. App. 4th 702, 715–19 (2004). The court described these limitations as follows:

> The ACT policy limits discovery to the sworn deposition statements of two individuals and any expert witnesses expected to testify at the arbitration hearing. The policy also requires all exhibits and a list of potential witnesses to be exchanged at least two weeks in advance of the arbitration hearing. No other discovery is allowed unless the arbitrator finds a compelling need to allow it. The policy requires the arbitrator to limit discovery as specified in the agreement unless the parties can demonstrate that a fair hearing would be *impossible* without additional discovery.

Id. at 716 (emphasis in original). The court reasoned that these provisions unduly burdened the employee-plaintiff in prosecuting a complex case because she would need the arbitrator's approval to depose the majority of the witnesses she estimated needing. Id. at 717. Moreover, the arbitrator's discretion to allow more discovery did not constitute an adequate "safety valve" because of the "impossibility" standard constraining the arbitrator's discretion. Id. The court also rejected an argument that the limits on discovery were mutual because they applied to both parties, reasoning that employers generally have in their possession many of the relevant documents, and in their employ many of the relevant witnesses. Id. at 716 (citing Mercuro, 96 Cal. App. 4th at 183); see also Kinney v. United HealthCare Servs., Inc., 70 Cal. App. 4th 1322, 1332 (1999) ("Given that [the employer] is presumably in possession of the vast majority of evidence that would be relevant to employment-related claims against it, the limitations on discovery, although equally applicable to both parties, work to curtail the employee's ability to substantiate any claim against [the employer]."). Other courts have held unconscionable extreme discovery limitations for similar reasons. See, e.g., Ontiveros v. DHL Exp. (USA), Inc., 164 Cal. App. 4th 494, 511–514 (2008) (limiting discovery to one deposition and requests for production of documents, subject to the arbitrator's allowance of more discovery "upon a showing of substantial need"); Openshaw v. FedEx

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|----------|-------------------------|------|------------------|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

Ground Package Sys., Inc., 731 F. Supp. 2d 987, 995 (C.D. Cal. 2010) (agreement completely foreclosed discovery except on damages).

Defendants contest plaintiff's characterization of the discovery limitations, and argue that the cases on which plaintiff relies are distinguishable.  Defendants point out that the rules allow the employee to take *at least* one deposition, and limit written discovery to that which is relevant and material but does not name defendants as the decider of that standard.  Dkt. No. 52 at 10.  Defendants stress that the arbitrator here may grant additional discovery on "good cause shown," rather than on a higher standard such as impossibility for a fair hearing without such discovery (Fitz, 118 Cal. App. 4th at 716), or "substantial need" (Ontiveros, 164 Cal. App. 4th at 511).

The Grabowski court upheld the same discovery provision, reasoning that it "does not limit the employee to only one deposition, and it names the Arbitrator as the decisionmaker on whether discovery should be granted or denied."  817 F. Supp. 2d at 1175.  Other courts have upheld significant discovery limitations.  In one case, each party was limited to three depositions unless the arbitrator granted additional depositions on a showing of "good cause."  Siglain, 2008 WL 3286974, at *7.  The court reasoned that the fact that additional depositions could be taken on a showing of "good cause" distinguished Fitz and Ontiveros.  Id. at *8; see Mercuro, 96 Cal. App. at 182–83 (upholding discovery limited to three depositions and thirty document requests, with additional discovery "upon a showing of good cause" but with a presumption against increasing the aggregate number of requests; citing a lack of evidence that the provisions as applied "would necessarily prevent Mercuro from vindicating his statutory rights"); Sanchez, 224 Cal. App. 4th at 478–79 (upholding discovery limited to relevant documents, personnel file, twenty interrogatories, and three depositions, with additional discovery on a showing of "substantial need," where plaintiff made no specific showing he could not vindicate his statutory rights without more).

The amount of discovery permitted, as well as the standard for obtaining additional discovery, group these provisions more readily with limitations that have been upheld than with those that have been struck down.  Moreover, plaintiff has not made any specific showing as to why the discovery limitations will prevent her from vindicating her statutory rights.  Therefore, the limitations on discovery are not substantively unconscionable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

h.      Expenses

The Arbitration Procedures contain an "Expenses" provision that reads in relevant part:

> Unless precluded by decisional or other law in the jurisdiction where venue lies for the Arbitration, the Employee shall bear a portion of the reasonable expenses of the arbitration up to the lesser of (a) one-half of these expenses, or (b) an amount equal to two (2) days of the Employee's gross annual cash compensation (including bonuses, commissions, and related cash compensation) during the twelve (12) months immediately preceding the notice of claim initiating the Employment Dispute Arbitration Procedure.

Arnold Decl. Ex. C at 79.

The California Supreme Court has explained that "the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." Armendariz, 24 Cal. 4th at 110-11 (emphasis in original).  Plaintiff argues that the arbitration agreement does just that by requiring her to pay "the expense of a record of the hearing, the expense of travel to Minnesota and up to one-half of the arbitration expenses."[9]  Dkt. No. 51 at 20.  Plaintiff cites cases in which provisions requiring an employee to "split the cost of arbitration" have been held unconscionable.  Martinez, 118 Cal. App. 4th at 115–16; Ting, 319 F.3d at 1151; Circuit City Stores, Inc. v. Adams, 279 F.3d 889 (9th Cir. 2002).  In one of these cases, the Ninth Circuit affirmed a district court's conclusion that a fee-splitting scheme was unconscionable "because it imposes on some consumers costs greater than those a complainant would bear if he or she would file the same complaint in court." Ting, 319 F.3d at 1151.

The Grabowski court determined that the same provision was not unconscionable because the most the plaintiff would have to pay in arbitration expenses was

---

[9]The Court has determined that the venue selection clause is unconscionable, and does not consider the costs of travel to Minnesota in evaluating this provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

approximately $260 (two days' worth of his cash compensation), less than the filing fee in the district court. 817 F. Supp. 2d at 1177; see also Pacaldo v. Haliburton Energy Servs., Inc., No. 1:12-cv-01078-LJO-JLT, 2012 WL 5906653, at *3 (E.D. Cal. Nov. 26, 2012) (upholding a provision by which an employee would only have to pay an arbitration filing fee of $50). Here, defendants similarly argue that plaintiff's maximum expenses would be comparable to the filing fee for a civil action.[10] The Court agrees, and finds that the limited expense sharing provision is not substantively unconscionable.

i.     PAGA Waiver

Plaintiff contends that, under defendants' interpretation, the arbitration agreement effects a waiver of plaintiff's right to bring her representative PAGA claim, and is substantively unconscionable for that additional reason. This Court has previously expressed the view, supported by a recent ruling of the California Supreme Court, that a waiver of representative PAGA claims is contrary to public policy and unenforceable under California law, notwithstanding Concepcion. See Martinez v. Leslie's Poolmart, Inc., No. 8:14-cv-01481-CAS (CWx), 2014 WL 5604974, at *4–5 (C.D. Cal. Nov. 3, 2014); Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348, 388–89 (2014). However, the Court recognizes that other district courts have reached a contrary conclusion. See, e.g., Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1140–42 (C.D. Cal. 2011); Grabowski, 817 F. Supp. 2d at 1179–81. Because of this split among the courts, and because resolution of the issue is not necessary to the Court's decision on the enforceability of the arbitration agreement, this order expresses no opinion as to whether that waiver constitutes an additional substantively unconscionable provision.

---

[10]Defendants calculate that plaintiff's maximum costs would be $340 (two days at $170). Dkt. No. 52 at 11 & n.7 (citing Cho Decl. Ex. B at 18). Defendants divide plaintiff's projected 2012 compensation of $62,000 by 366 days. Id. The correct divisor might be the number of work days, rather than the number of total days in a year. Dividing plaintiff's projected 2012 cash compensation by 250 work days instead would yield a daily compensation amount of approximately $248 instead of $170. This difference is not material to determining the unconscionablity of the expenses provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
| --- | --- | --- | --- |
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

       j.      Affirmation of Noncompetition Agreement

      Finally, plaintiff argues that the agreement is substantively unconscionable because it required plaintiff to "reaffirm and agree anew to abide by all [of her] prior agreements with the Company," including a Noncompetition Agreement that plaintiff contends violates California law.  Although employee noncompetition agreements are unenforceable in California unless they fall within a statutory exception, see Edwards v. Arthur Anderson LLP, 44 Cal. 4th 937, 942 (2008), plaintiff cites no authority for the proposition that a blanket reaffirmation of previous agreements with a company can render a new agreement to arbitrate substantively unconscionable.  Plaintiff has not met her burden of showing that this provision is unlawful.

      3.     Severability

      Under California law, "a court has discretion to either sever an unconscionable provision from an agreement, or refuse to enforce the agreement in its entirety." Pokorny, 601 F.3d at 1005.  "In exercising this discretion, courts look to whether the 'central purpose of the contract is tainted with illegality' or 'the illegality is collateral to [its] main purpose.' " Ingle, 328 F.3d at 1180 (quoting Adams, 279 F.3d at 895). Severance is inappropriate if "the agreement is 'permeated' by unconscionability." Lhotka v. Geographic Expeditions, Inc., 181 Cal. App. 4th 816, 826 (2010).  Among the factors to be considered are (1) whether the arbitration agreement contains more than one unlawful provision, "indicat[ing] a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage," and (2) whether the agreement lacks mutuality so that "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement."  24 Cal. 4th at 124–25.  "The overarching inquiry is whether the interests of justice would be furthered by severance."  Id. at 124 (quotations omitted).

      Here, the interests of justice would not be furthered by severance.  The agreement contains at least five substantively unconscionable terms, indicative of an effort to systematically impose an arbitral forum that works to the employer's advantage.  See id. ("[G]iven the multiple unlawful provisions, the trial court did not abuse its discretion in concluding that the arbitration agreement is permeated by an unlawful purpose."); Carmona, 226 Cal. App. 4th at 90 ("When an arbitration agreement contains multiple unconscionable provisions . . . . a trial court does not abuse its discretion in determining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

the arbitration agreement is permeated by an unlawful purpose."); <u>Ontiveros</u>, 164 Cal. App. 4th at 515 (affirming trial court's determination that a contract with "at least three" unlawful provisions was "permeated with unconscionability"); <u>Murphy v. Check 'N Go of Cal., Inc.</u>, 156 Cal. App. 4th 138, 149 (2007) (affirming court's refusal to enforce an agreement that contained "at least two" unconscionable provisions), <u>abrogated on other grounds by</u> <u>Iskanian</u>, 59 Cal. 4th at 348. Moreover, some of these provisions, most notably the provision requiring the employee to submit all claims to arbitration but preserving the employer's right to a judicial forum for practically any suit it might bring against an employee, lack mutuality. Because of the number of unconscionable provisions, and those provisions' centrality to the agreement, the "court would have to, in effect, reform the contract, not through severance or restriction, but by augmenting it with additional terms." <u>Armendariz</u>, 24 Cal. 4th at 125 (explaining that California contract law does "not permit[]" a court to cure a contract permeated with unconscionability "through reformation and augmentation").

At oral argument, defense counsel stressed the IBA's clause providing that "[i]f any portion of this dispute resolution provision is determined to be void or unenforceable, then the remaining portions of this Agreement shall continue in full force and effect, and this Agreement may be modified to the extent necessary, consistent with its fundamental purpose and intent, in order to make it enforceable." Arnold Decl. Ex. G. ¶ 7. Defendants cite one case in which the California Court of Appeal relied on a similar provision to modify *one* provision that the trial court had found "unilateral." <u>Casas</u>, 224 Cal. App. 4th at 1237. Defendants cite no authority for the proposition that by inserting such a clause, a party negates settled California law giving a trial court the discretion to determine whether the agreement is so "permeated by [] unconscionability" that the unconscionability is central to the contract, and that severance would not serve the interests of justice. <u>Armendariz</u>, 24 Cal. 4th at 122, 124; <u>see also</u> <u>Moreno</u>, 57 Cal. 4th at 1143 ("[C]ourts may not rewrite agreements and impose terms to which neither party has agreed."). As explained above, the Court finds that the significant degree of procedural unconscionability combined with the number and type of substantively unconscionable provisions indicate that the contract is permeated by an unlawful purpose and should not be enforced.

Moreover, the Court disagrees with defendants' argument that each of the offending provisions could simply be stricken, and that the Court would therefore not need to "reform the contract, not through severance or restriction, but by augmenting it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

with additional terms." Armendariz, 24 Cal. 4th at 125. For example, defense counsel asserted at the hearing that the Court can merely strike the judicial carve-out provision, so that the IBA would require that "all Claims the Company might bring against You and all claims You might bring against the Company" be submitted to arbitration. But striking only the suggested provision would leave a lengthy definition of covered "Claims" by the employee that must be submitted to arbitration (including Title VII, ERISA, ADA, FLSA, and OSHA claims), with no corresponding definition of covered "Claims" by the Company. Striking additional language would leave "Claims" undefined entirely. As such, it is doubtful whether the Court could simply strike or limit the unconscionable provision while still in place an agreement that defines what is and is not arbitrable. Similarly, the venue provision cannot simply be stricken without adding language providing how a venue will be selected without the default of Minnesota. Reforming the contract to limit the applicable Arbitration Procedures to those in place at the time of signing, as defense counsel suggested, would also involve reformation through the addition of terms. Instead of attempting to sever or reform all five unconscionable provisions and fill any resulting gaps, the Court finds that the arbitration agreement is unenforceable, and that defendants' motion to compel arbitration should be denied.[11]

--------

[11]The Court recognizes that the Grabowski court decided in its discretion to sever three of the same provisions here found unconscionable, and enforce the same agreement. 817 F. Supp. 2d at 1179. As discussed above, the Court finds that cases decided after Grabowski show that the agreement contains a significant as opposed to minor degree of procedural unconscionability notwithstanding Concepcion. Compare Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1145 (2014) ("After Concepcion, courts may continue to apply unconscionability doctrine to arbitration agreements."), and Newton v. Am. Debt. Servs., Inc., 549 F. App'x 694, 694 (9th Cir. 2013) (unpublished opinion) ("[T]he arbitration agreement was an adhesion contract. As a result, it is oppressive (and therefore procedurally unconscionable."), with Grabowski, 817 F. Supp. 2d at 1172 ("In light of the Supreme Court's decision in Concepcion, however, the Court does not find that the adhesive nature of the agreement weighs strongly in favor of procedural unconscionability."). Moreover, as explained herein, the Court concludes that some of the substantively unconscionable provisions lack mutuality such that the Court could not sever each offending provision without rendering the agreement so vague as to be unenforceable. Accordingly, the Court concludes that the agreement is permeated by unconscionability and cannot be enforced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:12-cv-06654-CAS(MANx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | LORRIE POUBLON v. C.H. ROBINSON COMPANY, ET AL. | | |

### B.   Motion to Dismiss Class and Representative Claims

In light of the Court's determination that the arbitration agreement is unenforceable, defendants' motion to dismiss plaintiff's class and representative claims pursuant to the terms of the agreement is DENIED AS MOOT.

## V.   CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to compel arbitration, stay proceedings, and dismiss class and representative allegations and claims.

IT IS SO ORDERED.

|  | 00 | : | 18 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |